

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x

| | |
|---|---|
| JOHN HUGHES, | :    CIVIL ACTION NO. |
| Plaintiff, | :    3:02CV1917(MRK) |
| vs. | : |
| MILFORD HOUSING AUTHORITY, ANTHONY VASILIOU, RICHARD ANDERSON, HILARY HOLOWINK, JOHN AMENTH, EDWARD CANELLI, and JACK TUCCIARONE | : |
| Defendants. | :    December 8, 2003 |

-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DION SMITH'S MOTION TO QUASH

### I.   PRELIMINARY STATEMENT

The plaintiff, John Hughes, has brought claims in the above-entitled matter against the

defendants Milford Housing Authority, Anthony Vasiliou, Richard Anderson, Hilary Holowink,

John Amenth, Edward Canelli, and Jack Tucciarone pursuant to the Fair Housing Act, 42 U.S.C.

§3617, and state law claims for breach of contract, breach of the covenant of good faith and fair

dealing, and wrongful discharge in violation of public policy,[1] stemming from the termination of his employment by the Milford Housing Authority on March 8, 2002.

On November 24, 2002, the defendants in the above-entitled matter subpoenaed Dion Smith, to appear at a deposition on December 10, 2003 in Hartford, Connecticut. He was also requested to produce certain documents. Copies of the Notice of Deposition and production request is attached hereto as Exhibit 1.

For the reasons outlined below, the deposition and production request of Mr. Dion Smith is intended to harass Mr. Smith and retaliate against him for other issues that are wholly unrelated to Mr. Hughes' claim, and to seek discovery of testimony and documents that are not reasonably calculated to lead to the discovery of admissible evidence pertaining to Mr. Hughes' claim. His Motion to Quash should be granted.

## II.    STATEMENT OF FACTS RELEVANT TO THIS MOTION

### A.    Nature of Plaintiff's Claim

The Defendant Milford Housing Authority ("MHA") is a public housing authority receiving federal funds for development and operation of public housing pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 et seq. It operates under the direction of a five member Board of Commissioners. The defendants Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone (Collectively "the commissioners") were commissioners of the defendant MHA acting within the scope of their

---

[1]    Although plaintiff's original and Amended Complaint Contain claims for violations of 42 U.S.C. §1983, and Conn. Gen. Stat. §31-51q, plaintiff does not intend to pursue those claims based upon information obtained through the discovery process.

2

authority. The defendant Anthony J. Vasiliou was the Executive Director of the defendant MHA.

In 1996 and 1997, the defendant MHA was the subject of several lawsuits, consolidated under dkt. # 396 CV 01118 (AHN), for violations of the Fair Housing Act, 42 U.S.C. §§3601, et seq. In 1999, the MHA reached a settlement agreement with the U.S. Department of Justice, the Department of Housing and Urban Development, the NAACP, and the private plaintiffs. The purpose of the settlement agreement was to further the purpose of the Fair Housing Act, to wit, to ensure that low income and minority citizens gain the benefits of subsidized housing provided by the MHA. In the settlement agreement, the MHA would receive $3,500,000 from the Department of Housing and Urban Development and agreed to develop 28 units of scattered site housing over a three year period. This would be done under the monitoring and supervision of HUD and the Department of Justice.

The plaintiff John Hughes commenced employment with the Milford Housing Authority on January 5, 1999, in the position of Director of Facilities Management and Operations. Hughes reported directly to defendant Anthony J. Vasiliou.

Despite the legal obligation and funding provided to implement the settlement agreement, Vasiliou told Hughes and others on several occasions that he had no intention of complying with the settlement agreement. MHA spent all of the allocated funds after it had only completed 18 of the 28 units of low income housing called for in the settlement agreement. On several occasions prior to his termination, Hughes questioned whether the expenses being incurred for the acquisition of the low income housing units were too high.

Throughout his tenure, Hughes performed his duties in a competent and professional manner. Hughes was never chastised for his performance, and received several raises, merit

3

bonuses and commendations.

MHA had an employee handbook, which stated that a non-probationary employee could only be terminated for cause. MHA's personnel policies also state that when an employee is to be dismissed, he is to be provided with notice and an opportunity to be heard.

Prior to Hughes' termination, Vasiliou had directed several age-biased comments towards Hughes.

Hughes' was discharged on March 8, 2002. He was 64 years old at the time of his discharge. Hughes was never given any prior notice before his discharge. Hughes was never given an opportunity to be heard prior to his discharge. There was no cause for Hughes' discharge.

MHA justified Hughes' departure as a "reorganization" for budgetary reasons. This rationale was purely pretextual. Hughes' position was the only position "reorganized." His discharge did not result in any budgetary savings. He was replaced by an individual who made more money than Hughes.

Hughes' discharge were a part of Vasiliou and the MHA Commissioners' efforts to avoid compliance with the Fair Housing Act Settlement.

**B.     Dion Smith**

Dion Smith is the Work Center Coordinator for MHA. He was hired after Hughes, in 2001. Smith reported to Hughes for approximately one year, until the date of Hughes' discharge. Dion Smith was responsible for day-to-day maintenance at MHA's existing projects.

Anthony Vasiliou, Executive Director of MHA, has testified that Smith took over some

4

of Hughes' responsibilities after the alleged "reorganization." In addition, Smith went over to Hughes' house after Hughes had been discharged to deliver his termination letter.

Subsequent to Hughes' discharge, Smith became involved in unionization activities for staff employees at MHA. MHA's staff employees unionized in 2003, and Smith became shop steward. In addition, in 2003, Smith has been interviewed by HUD investigators pertaining to MHA. Finally, on September 29, 2003, Mr. Smith gave notice to Mr. Vasiliou of a potential defamation claim pertaining to a false letter of reference that Mr. Vasiliou had given Mr. Smith.[2] A copy of that letter is attached as Exhibit 2. None of these matters are in any way relevant to Hughes' employment claims.

## III.    RELEVANT PROCEDURAL HISTORY

Although this is a relatively simple and straightforward case, there has already been substantial discovery in this matter by both sides.

On November 24, 2003, even though Mr. Smith is MHA's own employee, and is a relatively minor witness in the instant case, MHA subpoenaed him and requested documents for a deposition in Hartford, Connecticut, approximately forty miles from where he lives and works.

Moreover, MHA's subpoena seeks documents that have no relation to the instant employment case. See Exhibit 1.

On November 26, 2003, as counsel for Mr. Smith, I requested that the deposition be relocated to the New Haven area, and that the scope of production and testimony be limited to matters related to Mr. Hughes' employment or the termination of Mr. Hughes' employment. See letter of Attorney Chimes to Attorney Walker, dated November 26, 2003, attached as Exhibit 3.

---

[2]    I represent Mr. Smith on that matter.

Attorney Walker, counsel for the defendants, would not agree to relocate the deposition or to any limitations on the scope of production or the deposition. See letter of Attorney Walker to Attorney Chimes, dated December 1, 2003, attached as Exhibit 4.

**IV.   DISCUSSION**

Rule 26(b) of the Federal Rules of Civil Procedure states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . [i]f it is reasonably calculated to lead to the discovery of admissible evidence.

Although the contours of discovery are broad under the Federal Rules of Civil Procedure, parties should not be permitted to roam in the shadow zones of relevance and to explore matter which does not appear germane merely on the theory that it might become so. In re Surety Association of America 388 F.2d 412 (2d Cir. 1967). When the relevance of particular discovery is questionable, discovery will generally be denied when the party seeking discovery has made no showing of relevance. Payne v. Howard, 75 FRD 465 (D DC 1977).

Rule 26(c) makes clear that the court may balance the competing needs of all interested persons, including third party witnesses, in setting appropriate limits to discovery in civil litigation:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably oppressive or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 45 (c)(1) of the Federal Rules of Civil Procedure states in pertinent part:

6

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure state in pertinent part:

On timely motion, the court by which a subpoena was issued may quash or modify the subpoena if it . . .requires disclosure of privileged or other protected matter and no exception or waiver applies.

Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure state in pertinent part:

On timely motion, the court by which a subpoena was issued may quash or modify the subpoena if it . . .subjects the person to an undue burden.

Mr. Smith resides in Branford, Connecticut and works in Milford, Connecticut. He is an employee of the defendant Milford Housing Authority. Defendants can discuss matters relevant to Mr. Hughes' case with him at any time during the course of his employment at his workplace. They do not need to subpoena him. It is completely unnecessary to make him travel to Hartford.

Although the federal rules permit defendants' to subpoena a witness to a location within 100 miles of his residence, clearly the subpoena in the instant case is an inconvenience and an undue burden. Its clear import is to retaliate against and harass Mr. Smith for his union activities, his complaint against Mr. Vasiliou, and his cooperation with the HUD investigation.

Mr. Smith's union activities, his claim for defamation, and his cooperation with HUD all took place after Mr. Hughes had been terminated. Inquiry or document would be completely irrelevant to Hughes' claims. To the extent that counsel seeks discovery on those matters, it is an improper use of the discovery process in this case.

7

V.   **CONCLUSION**

For the reasons stated herein, Mr. Smith requests that his Motion to Quash the subpoena be granted.  In the alternative, Mr. Smith requests that:

(1)   The deposition take place in the New Haven area;

(2)   Defendants be precluded from inquiring into:

   a)  Mr. Smith's union organizing activities;

   b) Mr. Smith's cooperation with the HUD investigation;

   d) Mr. Smith's complaint against Mr. Vasiliou.

(3)   Mr. Smith be excused from producing documents relating to:

   a)  Mr. Smith's union organizing activities;

   b) Mr. Smith's cooperation with the HUD investigation;

   d) Mr. Smith's complaint against Mr. Vasiliou.

(4)   The deposition be limited to matters related to Mr. Hughes' employment and the termination of his employment.

> **RESPECTFULLY SUBMITTED,**
> **DION SMITH**
>
> By: _____
>
> Lewis H. Chimes
> *Federal Bar No. ct07023*
> GARRISON, LEVIN-EPSTEIN,
>          CHIMES & RICHARDSON, P.C.
> 405 Orange Street
> New Haven, CT  06511
> (203) 777-4425

## CERTIFICATION OF SERVICE

I hereby certify that the original of the foregoing was mailed, via U .S. mail, postage prepaid on this 8th day of **December, 2003** to:

Richard F. Vitarelli, Esquire
Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

_____
Lewis Chimes

9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES,<br>Plaintiff, | CIVIL NO. 302CV1917 (MRK) |
| V. | : |
| MILFORD HOUSING AUTHORITY,<br>ANTHONY VASILIOU, RICHARD<br>ANDERSEN, HILARY HOLOWINK, JOHN<br>AMENTA, EDWARD CANELLI AND JACK<br>TUCCIARONE,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:    NOVEMBER 24, 2003 |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that at 10:00 a.m. on Wednesday, December 10, 2003,

pursuant to §§ 13-26, et seq of the Connecticut Rules of Court, the Defendants, **Milford Housing**

**Authority, Anthony Vasiliou, Richard Andersen, Hilary Holowink, John Amenta, Edward**

**Canelli and Jack Tucciarone** will take the deposition of **Dion Smith, of Milford Housing**

**Authority,** in the above-captioned case, before an official court reporter or other competent

authority at the law offices of Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103-

3597.

The deponent is requested to bring the documents listed in Schedule A attached hereto.

You are invited to attend and cross-examine.

HART1-1139576-1

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY
VASILIOU, RICHARD ANDERSEN, HILARY
HOLOWINK, JOHN AMENTA, EDWARD
CANELLI, JACK TUCCIARONE

By:_____

Richard F. Vitarelli (ct 15145)
Anne Noble Walker (ct 11637)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: awalker@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, certified mail, return receipt requested, on this 24th day of November, 2003 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

_____

Anne Noble Walker

2

## SCHEDULE A

Any and all documents, including e-mails or other documents stored on a computer or disk, relating in any way to John Hughes' employment or separation of employment from the Milford Housing Authority.

Any and all documents, including e-mails or other documents stored on a computer or disk, relating in any way to implementation of the Settlement Agreement between the Milford Housing Authority and the DOJ/HUD.

Any and all documents, including e-mails or other documents stored on a computer disk, reflecting or relating to communications between you and the DOJ or HUD or the CCLU.

3

# GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

### ATTORNEYS AT LAW
### 405 ORANGE STREET
### NEW HAVEN, CONNECTICUT O6511

JOSEPH D. GARRISON
ETHAN A. LEVIN-EPSTEIN*†
LEWIS CHIMES*†
ROBERT A. RICHARDSON
JEFFREY S. BAGNELL†
STEPHEN J. FITZGERALD*

TEL. 203-777-4425
FAX. 203-776-3965
WWW.GARRISONLAW.COM

* ALSO ADMITTED TO NEW YORK BAR
† ALSO ADMITTED TO MASSACHUSETTS BAR

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

September 29, 2003

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
**7001 1140 0002 1913 6189**

Re:    **Dion Smith v. Anthony Vasiliou**

Dear Attorney Walker:

I have been retained by Dion Smith in connection with certain actions taken against him by Anthony Vasiliou. Since Mr. Vasiliou is represented by you in the <u>Hughes</u> matter, I have directed this letter to your attention. If it should more properly be directed elsewhere, please forward it to Mr. Vasiliou or the appropriate party.

As you are aware, Mr. Smith is the Work Center Supervisor for the Milford Housing Authority. He has been in that position for over three years. Mr. Smith has always performed his responsibilities competently. He had received positive performance evaluations in the past and never received any criticism of his performance.

Recently, Mr. Smith was active in union organization activities at the Milford Housing Authority. In addition, as Mr. Vasiliou is aware, he has cooperated in the ongoing HUD audit and investigation of the Milford Housing Authority. Mr. Vasiliou knew that Mr. Smith had spoken to HUD's inspector general.

Mr. Smith recently applied for continuing education at Albertus Magnus College's New Dimensions Program. The program is for working persons who are attempting to get a degree. As part of the application process, he had to obtain a recommendation from his supervisor, Mr. Vasiliou.

GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

Mr. Vasiliou represented that he would be happy to assist him in going back to school, that it was a good idea for him to further his education. Vasilious told Smith that he would be happy to give him a recommendation to get into Albertus.

Despite his representations that he would assist Mr. Smith, Mr. Vasiliou submitted an extremely negative recommendation on Mr. Smith's behalf, a copy of which is attached. Specifically, the recommendation described Mr. Smith's "skills in need of improvement" as:

> Development of thinking skills, strengthen cognitive skills, to differentiate between personal and professional responsibilities, follow through on assigned and repetitive tasks.

Mr. Vasiliou was asked to rate Mr. Smith in eleven using a 1 - 5 scale, 1 being "weak," 5 being "strong." Mr. Vasilious gave Mr. Smith a "1" rating for four categories: (interact with a group, cooperate in meeting group goals, work under stress, assume personal responsibility). He gave him a "2" rating in three categories (clearly express self in writing, carry out assigned tasks, and utilize learned materials or skills).

Based upon Vasiliou's negative recommendation, Albertus' admissions counselor told Mr. Smith that he would be unable to be admitted to the program.[1]

Mr. Vasiliou's characterization of Mr. Smith's professional abilities was false. They were done in retaliation for his cooperation with the HUD investigation and his role in union organizing activities. He will have claims against Mr. Vasiliou for defamation, tortious interference with a business expectancy, negligent misrepresentation and intentional infliction of emotional distress.

Although we feel that Mr. Smith's claims are strong, he has authorized me to discuss resolution of this matter. Please contact me, or if you will not be representing him, have the appropriate person contact me at your earliest convenience. If we do not hear from you or Mr. Vasiliou's representative on or before October 15, 2003, we will assume that Mr. Vasiliou has chose to litigate this matter.

---

[1] Smith subsequently obtained a positive recommendation from another Milford Housing Authority co-worker, and was ultimately admitted to the program based upon the other recommendation.

2

GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

Thank you for your attention to this matter.

Yours truly,

Lewis Chimes

LC/dmf
Enclosure

3

# New Dimensions Recommendation Form

or admission to Albertus Magnus College

. Completed by Applicant:

**Dion H. Smith**
Name
**63 B   Briarwood Lane**
Address
**Branford        Ct.      06405**                           ZIP
City                    State

**Milford  Housing  Authority**
Name of Employer
**P.O. Box 291   75 Demaio Drive**
Address
**Milford        Ct.          06460**
City                    State                          ZIP

**Work Center Supervisor  (Maintenance Manager)    3yrs 2months**
Your position at the above company                    How long at this position?

**Anthony J. Vasiliou**              **Executive Director**
Name of person giving this recommendation        Position or Title

**New Dimensions**
For admission to (Program)

## To the Applicant:

This recommendation will become part of your admissions file.  It will not be disclosed to any unauthorized individual without your consent.

f you matriculate at Albertus Magnus College, you will be accorded access to its contents unless you voluntarily waive your right of access.

Please check one of the boxes and sign the statement below.

:      I ☐ (do).  ☒ (do not) waive the right to review this recommendation once submitted.

**9/2/03**
Date

Applicant's Signature

## II. Completed by Individual Submitting Recommendation:

The person whose name appears above has applied for admission to the Albertus Magnus College – New Dimensions Program.

The Admissions Committee attaches great weight to an applicant's qualifications that are not adequately reflected in past academic records.
Therefore, you can assist us in our evaluation of this applicant by responding frankly to the questions in this form.

NOTE: Under the 1974 Family Educational Rights and Privacy Act, the applicant named above will have access to this recommendation unless he or she has waived that right.

In accordance with FEPC policies, the author of reference is asked to refrain from commenting on illegal discriminatory criteria such as candidate's race, religion, national origin, political affiliations, beliefs or activities. The questions below are offered as a guide; we welcome your comment as an aid in determining the applicant's ability to benefit from and contribute to the New Dimensions Program.

1. How long have you and the applicant known each other? Is the capacity personal or professional? Explain.

July 18, 2000. Mr. Smith was hired as a working crew chief in the Maintenance Dept.

2. What qualities do you particularly admire about the applicant? Please relate to the work situation, if possible.

His punctuality, and dedication to children.

3. What skills do you think the applicant could improve upon, if any?

Development of critical thinking skills, strengthen cognitive skills to differentiate between personal + professional responsibilities, Follow Through on Assigned + repetitive tasks.

4. The New Dimensions Program requires 2 years of significant full-time work experience for applicants. Please provide information regarding the applicant's work that substantiates his/her experience.

Mr. Smith has been continuously employed by the MHA since July 18, 2000 as a working crew chief in the Maintenance Dept.

5. On a scale of 1 to 5, how do you rate the applicant's ability to:

|  | WEAK |  |  |  | STRONG |
|---|---|---|---|---|---|
| a. interact with a group | (1) | 2 | 3 | 4 | 5 |
| b. cooperate in meeting group goals | (1) | 2 | 3 | 4 | 5 |
| c. clearly express self verbally | 1 | 2 | (3) | 4 | 5 |
| d. clearly express self in writing | 1 | (2) | 3 | 4 | 5 |
| e. problem solve | 1 | 2 | (3) | 4 | 5 |
| f. carry out assigned tasks | 1 | (2) | 3 | 4 | 5 |
| g. utilize learned materials or skills | 1 | (2) | 3 | 4 | 5 |
| h. work independently | 1 | 2 | (3) | 4 | 5 |
| i. work under stress | (1) | 2 | 3 | 4 | 5 |
| j. assume personal responsibility | (1) | 2 | 3 | 4 | 5 |
| k. computer skills | 1 | 2 | 3 | (4) | 5 |

6. Signature of Individual completing this form

Anthony J. Vasiliou

Executive Director, Milford Housing Authority
Position or Title                                    Company

Milford                    Ct            06460
City                        State          ZIP

·The Admission Committee and the applicant greatly appreciate the time and effort required of you to provide this information. The applicant may not be considered for admission until this recommendation is received.

Please Mail or Fax to:
New Dimensions New Haven Learning Center - FAX (203) 777-2112
One Long Wharf, Suite 216 New Haven, CT 06511

New Dimensions Greater Hartford Learning Center - FAX (860) 289-1156

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ann Noble Walker, Esq
Robinson + Cole, LLP
280 Trumbull Street
Hartford, CT 06103 - 3597

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7001 1140 0002 1913 6189

PS Form 3811, March 2001    Domestic Return Receipt    102595-01-M-1424



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Ann Noble Walker
Street, Apt. No.; or PO Box No.  280 Trumbull St
City, State, ZIP+4  Hartford CT 06103

PS Form 3800, January 2001    See Reverse for Instructions

7001 1140 0002 1913 6189

# GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

### ATTORNEYS AT LAW
### 405 ORANGE STREET
### NEW HAVEN, CONNECTICUT 06511

JOSEPH D. GARRISON
ETHAN A. LEVIN-EPSTEIN*†
LEWIS CHIMES*†
ROBERT A. RICHARDSON
JEFFREY S. BAGNELL†
STEPHEN J. FITZGERALD*

TEL. 203-777-4425
FAX. 203-776-3965
WWW.GARRISONLAW.COM

\* ALSO ADMITTED TO NEW YORK BAR
† ALSO ADMITTED TO MASSACHUSETTS BAR

November 26, 2003

**Via Facsimile (860) 275-8299**
**and Via First Class Mail**

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford CT 06103-3597

Re:    **Hughes v. Milford Housing Authority**

Dear Attorney Walker:

I am in receipt of your Notice of Deposition and Request for Production relating to Dion Smith. As you know, I am also representing Mr. Smith in a matter unrelated to the above entitled case.

Mr. Smith is a fact witness in this matter. You have noticed his deposition for Hartford, Connecticut. Hartford is inconvenient to Mr. Smith, given that he works in Milford and resides in Branford. Therefore, I am requesting that Mr. Smith's deposition take place at our office in New Haven, or if you prefer, some neutral office in the New Haven area.

Your Requests for Production are also overly broad. Please be advised that I intend to advise Mr. Smith to only produce documents relative to Mr. Hughes' employment at Milford Housing Authority.

I am also concerned that the housing authority intends to use Mr. Smith's deposition as an excuse to make inquiries about matters unrelated to Mr. Hughes' case. I will instruct Mr. Smith not to answer questions that do not relate to Mr. Hughes' employment or Mr. Hughes' termination from the housing authority.

**GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.**

I assume that we are in agreement as to the production of documents, location, and the scope of Mr. Smith's deposition. If you disagree, please let me know by the end of the day on Monday, December 1, 2003, so I can seek the appropriate court intervention.

Yours truly,

*Lewis Chimes*

Lewis Chimes

LC/dmf

cc: Mr. Dion Smith

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

# Facsimile Transmission Sheet

DATE:   December 1, 2003          NO. OF PAGES (including cover):     3

RE:   Hughes v. Milford Housing Authority

RECIPIENT(S) LIST

| NAME | | COMPANY | FAX NUMBER | PHONE NUMBER |
|------|---|---------|------------|--------------|
| Lewis H. Chimes | | Garrison, Levin-Epstein, Chimes & Richardson, P.C. | 203-776-3965 | 203-777-4425 |

MESSAGE:



Law Offices

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

www.rc.com

Note:   If transmission is not clearly or completely received, please contact the sender through the direct line noted above, or if a direct line is not indicated, through the firm's main number 860-275-8200.

Confidentiality Note:  The documents accompanying this facsimile transmission may contain confidential or privileged information from the law firm of Robinson & Cole LLP. This information is intended for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

December 1, 2003

<u>**VIA FACSIMILE & U.S. MAIL**</u>

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes
& Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Re:   **Hughes v. Milford Housing Authority**

Dear Attorney Chimes:

The purpose of this correspondence is to reply to your letter of November 26, 2003.

Please clarify as to whether or not you are representing Mr. Smith with respect to this deposition. Your letter was ambiguous as to that point.

The Federal Rules of Civil Procedure do not require me to take Mr. Smith's deposition at your office in New Haven or at some other neutral office in the New Haven area. We expect Mr. Smith to be in attendance at his deposition in Hartford on December 10. Moreover, the defendants have already accommodated one request to have depositions taken in New Haven by agreeing to finish the depositions of Vasiliou and Hughes at your office. It seems fair for you to travel to this deposition.

We will proceed with the deposition on December 10 in accordance with the Federal Rules of Civil Procedure. The purpose of Mr. Smith's deposition is to provide discovery in the Hughes matter. Should you instruct Mr. Smith not to answer my questions, I will take whatever action I deem appropriate at that time.

I do not believe the requests for production are overbroad. Upon review of the documents produced by Mr. Smith, I will decide whether or not to pursue further production.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Lewis H. Chimes, Esq.
December 1, 2003
Page 2


Please contact me if you have any questions.

Very truly yours,

Anne Noble Walker

