UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN HUGHES,                         :
    Plaintiff,                   :
V.                                   :   CIVIL NO. 3:02CV1917(MRK)
                                     :
MILFORD HOUSING AUTHORITY,           :
ET AL,                               :
                                     :
    Defendants.                  :   DECEMBER 12, 2003

## MOTION FOR EXTENSION OF TIME

The Defendants hereby request a brief modification of the discovery order to permit completion of a deposition in this matter. In support of its motion, the Defendants state as follows:

1.    On or about October 10, 2003, this Court ordered that the Defendants complete discovery by December 15, 2003.

2.    In accordance with that Order, the parties noticed multiple depositions as follows:

    Shelly White – December 4, 2003
    Karen Devito – December 11, 2003
    Mary Margaret Mandel – December 15, 2003

Ms. Devito and Ms. White's depositions have been completed. The parties also completed the plaintiff and Mr. Vasiliou's depositions prior to Thanksgiving.

3.  In addition, on November 24, 2003 the Defendants noticed the deposition of Dion Smith for December 10, 2003.

4.  The day prior to the Smith deposition, the Plaintiff filed a Motion to Quash that deposition. Despite efforts to reach an agreement to proceed with the deposition, the parties were unable to do so. See Exhibit 1.

5.  The Defendants intend to file a formal objection to the Plaintiff's Motion to Quash on or before December 28, 2003.

6.  The Defendants now seek an extension of discovery in which to complete Dion Smith's deposition. The deposition was timely noticed, and but for the Plaintiff's opposition, would have occurred on schedule.

7.  Because Mr. Smith's deposition has not been completed, the Defendants also seek a one month extension of time on the deadline to file a Motion for Summary Judgment. In particular, the Defendants seek to modify the deadline for filing dispositive motions from February 15, 2003 to March 15, 2003. This will permit the Court time to resolve the discovery dispute regarding Mr. Smith and allow the Defendants to have all relevant information in preparing its Motion for Summary Judgment.

8.  This is the second request to extend deadlines for completion of discovery and for the filing of dispositive motions. But for the dispute over Dion Smith, the Defendants were fully prepared to comply with the Court's order of October 2003.

9. Defendants' counsel has contacted Plaintiff's counsel regarding this motion. The plaintiff has not provided an answer regarding its position on the motion at the time of filing.

Wherefore, the Defendants respectfully request that they be allowed up to and including January 15, 2004 within which to complete discovery (assuming that the Court can resolve the dispute with respect to Dion Smith in a time frame that allows Mr. Smith's deposition by January 15, 2004) and an extension up to including March 15, 2004 in which to file dispositive motions.

> DEFENDANTS,
> MILFORD HOUSING AUTHORITY,
> ANTHONY VASILIOU, RICHARD
> ANDERSEN, HILARY HOLOWINK, JOHN
> AMENTA, EDWARD CANELLI, JACK
> TUCCIARONE
>
> By: _____
> Richard F. Vitarelli (ct 15145)
> Anne Noble Walker (ct 11637)
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax No.: (860) 275-8299
> Email: awalker@rc.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via facsimile and mailed, postage prepaid, on this 12th day of December, 2003 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Anne Noble Walker

# EXHIBIT 1

## GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

ATTORNEYS AT LAW
405 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

JOSEPH D. GARRISON
ETHAN A. LEVIN-EPSTEIN*†
LEWIS CHIMES*†
ROBERT A. RICHARDSON
JEFFREY S. BAGNELL†
STEPHEN J. FITZGERALD*

TEL. 203-777-4425
FAX. 203-776-3965
WWW.GARRISONLAW.COM

\* ALSO ADMITTED TO NEW YORK BAR
† ALSO ADMITTED TO MASSACHUSETTS BAR

December 8, 2003

**Via Facsimile (860) 275-8299**
**and Via First Class Mail**

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford CT 06103-3597

Re:  **Hughes v. Milford Housing Authority**

Dear Attorney Walker:

    Enclosed is my Motion to Quash filed on behalf of Dion Smith. Please review it. If you agree not to question Mr. Smith about the circumstances of his defamation claim, his union activity, and his cooperation with HUD, and limit production to materials related to Mr. Hughes or Mr. Hughes' employment or the termination of his employment with MHA, then the deposition can go forward on Wednesday at your offices. Otherwise, the deposition is postponed until we get a ruling from the court.

    I have not been able to reach Mary Margaret Mandel. I do not have her address. Her telephone number is (203) 287-0174. I do not know if I still plan on using her as a witness. Why don't you let me contact her, and if I intend to still call her as a witness, you can depose her if you think that is necessary.

Yours truly,

Lewis Chimes

LC/s
cc: Mr. Dion Smith

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

December 9, 2003

**VIA FACSIMILE & U.S. MAIL**

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes
  & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Re:  **Hughes v. Milford Housing Authority**

Dear Attorney Chimes:

The purpose of this letter is to respond to your correspondence of December 8, 2003 and to address the scope of Dion Smith's deposition. It also confirms the Defendants' position on the scope of the deposition, as explained to you on the telephone mid-day today. I am particularly troubled by your attempt to put off this deposition at the eleventh hour, as it has been noticed since mid-November.

As I stated in my correspondence of December 1, 2003, the purpose of Mr. Smith's deposition is to provide discovery in the Hughes matter. As you are fully aware, Mr. Smith is a material witness to the actual separation of employment of Mr. Hughes. If you recall, your client's testimony on the circumstances of his separation on March 8, 2003 changed several times, thus, Mr. Smith's confirmation of the actual events is particularly important. Furthermore, Mr. Hughes testified in his deposition that he had several conversations with Mr. Smith, including repeating the allegations of the Complaint to Mr. Smith. Thus, your charge that the sole purpose of this deposition is to harass Mr. Smith is entirely without merit. It is equally clear that the Defendants are entitled to secure Mr. Smith's testimony under oath, as with any other witness, irrespective of Mr. Smith's status as an employee of the Milford Housing Authority. Indeed, the Defendants' attempt to conduct this inquiry in an objective, controlled setting demonstrates a commitment to remove this dispute from the workplace.

As to Mr. Smith's interaction with HUD or DOJ, the Defendants maintain that this line of questioning is appropriate and falls well within the scope of the Federal Rules of Civil Procedure, Rule 26a. Mr. Hughes has brought a claim under the Fair Housing Act alleging that he aided and abetted in the implementation of the 1999 Settlement Agreement with the Department of Justice. Mr. Hughes further alleges that his employment was severed because of that activity. It is also undisputed that



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Lewis H. Chimes, Esq.
December 9, 2003
Page 2

HUD and DOJ were informed of the allegations made in the Complaint. Indeed, the allegations apparently prompted an audit by the DOJ in August of 2002. The Defendants are entitled to explore how such statements were communicated to DOJ/HUD, by whom, and the extent of Hughes' and his colleague's involvement in such activity to allegedly promote the purpose of the Settlement Agreement. Such information is at a minimum relevant to the charge that Hughes aided and abetted the plaintiffs named in the Settlement Agreement. Furthermore, the DOJ's ultimate conclusion in 2002, as revealed in Ms. White's deposition, that there was insufficient evidence to support claims that MHA or Mr. Vasiliou thwarted implementation of the Settlement Agreement is relevant to refutation of a pretext charge.

As I previously indicated, Mr. Smith's union organizing activity and his frivolous defamation claim are of no concern to the Defendants in this lawsuit.

I understand based on our conversation mid-day today that you will not produce Mr. Smith tomorrow. Accordingly, I will move for an extension of the discovery deadlines and prepare a formal objection to your motion. I see both of these additional pleadings as an unnecessary waste of resources and time. However, they are the only options open to the Defendants because the Plaintiff has refused to proceed with Mr. Smith's deposition.

In addition, I still need a confirmation from you as to the scope of your representation of Mr. Smith. Kindly advise me if you are representing him in this deposition, and in his capacity as employee of the MHA, or if you are merely representing him with respect to a potential defamation claim against the Housing Authority and/or Mr. Vasiliou. Lastly, please confirm in writing to me your withdrawal of the First Amendment and §1983 claims. Thank you for your attention to these matters.

Very truly yours,

Anne Noble Walker



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
JOHN HUGHES,                                        :    CIVIL ACTION NO.
                                                    :
       Plaintiff,                                  :    3:02CV1917(MRK)
                                                    :
vs.                                                 :
                                                    :
MILFORD HOUSING AUTHORITY,                          :
ANTHONY VASILIOU, RICHARD                           :
ANDERSON, HILARY HOLOWINK,                          :
JOHN AMENTH, EDWARD CANELLI,                        :
and JACK TUCCIARONE                                 :
                                                    :
       Defendants.                                 :    December 8, 2003
---------------------------------------------------------X

## MOTION OF THIRD PARTY WITNESS TO QUASH

Dion Smith, a third party witness, pursuant to Rule 45 of the Federal Rules of Civil Procedure, does hereby move to quash the subpoena issued to him for his deposition on December 10, 2003 in the above-entitled matter, or alternatively for an order limiting Mr. Smith's testimony and document production to matters related to Mr. Hughes' employment, and the circumstances surrounding the termination of Mr. Hughes' employment. A Memorandum of Law is submitted in support of Mr. Smith's Motion.

WHEREFORE, Dion Smith respectfully requests that his Motion to Quash be granted.

RESPECTFULLY SUBMITTED

By: _____
Lewis H. Chimes
*Juris No. 303446*
GARRISON, LEVIN-EPSTEIN
    CHIMES & RICHARDSON, P.C.
405 Orange Street
New Haven, CT 06511
Ph: (203) 777-4425
Fax: (203) 776-3965

**CERTIFICATION OF SERVICE**

I hereby certify that the original of the foregoing was mailed, via U.S. mail, postage prepaid on this 8th day of **December, 2003** to:

Richard F. Vitarelli, Esquire
Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

_____
Lewis Chimes

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
JOHN HUGHES,                              :   CIVIL ACTION NO.
                                          :
        Plaintiff,                   :   3:02CV1917(MRK)
                                          :
vs.                                       :
                                          :
MILFORD HOUSING AUTHORITY,                :
ANTHONY VASILIOU, RICHARD                 :
ANDERSON, HILARY HOLOWINK,                :
JOHN AMENTH, EDWARD CANELLI,              :
and JACK TUCCIARONE                       :
                                          :
        Defendants.                  :   December 8, 2003
---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DION SMITH'S MOTION TO QUASH

### I.     PRELIMINARY STATEMENT

The plaintiff, John Hughes, has brought claims in the above-entitled matter against the defendants Milford Housing Authority, Anthony Vasiliou, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone pursuant to the Fair Housing Act, 42 U.S.C. §3617, and state law claims for breach of contract, breach of the covenant of good faith and fair

dealing, and wrongful discharge in violation of public policy,[1] stemming from the termination of his employment by the Milford Housing Authority on March 8, 2002.

On November 24, 2002, the defendants in the above-entitled matter subpoenaed Dion Smith, to appear at a deposition on December 10, 2003 in Hartford, Connecticut. He was also requested to produce certain documents. Copies of the Notice of Deposition and production request is attached hereto as Exhibit 1.

For the reasons outlined below, the deposition and production request of Mr. Dion Smith is intended to harass Mr. Smith and retaliate against him for other issues that are wholly unrelated to Mr. Hughes' claim, and to seek discovery of testimony and documents that are not reasonably calculated to lead to the discovery of admissible evidence pertaining to Mr. Hughes' claim. His Motion to Quash should be granted.

## II.     STATEMENT OF FACTS RELEVANT TO THIS MOTION

### A.     Nature of Plaintiff's Claim

The Defendant Milford Housing Authority ("MHA") is a public housing authority

---

[1] Although plaintiff's original and Amended Complaint Contain claims for violations of 42 U.S.C. §1983, and Conn. Gen. Stat. §31-51q, plaintiff does not intend to pursue those claims based upon information obtained through the discovery process.

receiving federal funds for development and operation of public housing pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 et seq. It operates under the direction of a five member Board of Commissioners. The defendants Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone (Collectively "the commissioners") were commissioners of the defendant MHA acting within the scope of their authority. The defendant Anthony J. Vasiliou was the Executive Director of the defendant MHA.

In 1996 and 1997, the defendant MHA was the subject of several lawsuits, consolidated under dkt. # 396 CV 01118 (AHN), for violations of the Fair Housing Act, 42 U.S.C. §§3601, et seq. In 1999, the MHA reached a settlement agreement with the U.S. Department of Justice, the Department of Housing and Urban Development, the NAACP, and the private plaintiffs. The purpose of the settlement agreement was to further the purpose of the Fair Housing Act, to wit, to ensure that low income and minority citizens gain the benefits of subsidized housing provided by the MHA. In the settlement agreement, the MHA would receive $3,500,000 from the Department of Housing and Urban Development and agreed to develop 28 units of scattered site housing over a three year period. This would be done under the monitoring and supervision of HUD and the Department of Justice.

The plaintiff John Hughes commenced employment with the Milford Housing Authority

on January 5, 1999, in the position of Director of Facilities Management and Operations. Hughes reported directly to defendant Anthony J. Vasiliou.

Despite the legal obligation and funding provided to implement the settlement agreement, Vasiliou told Hughes and others on several occasions that he had no intention of complying with the settlement agreement. MHA spent all of the allocated funds after it had only completed 18 of the 28 units of low income housing called for in the settlement agreement. On several occasions prior to his termination, Hughes questioned whether the expenses being incurred for the acquisition of the low income housing units were too high.

Throughout his tenure, Hughes performed his duties in a competent and professional manner. Hughes was never chastised for his performance, and received several raises, merit bonuses and commendations.

MHA had an employee handbook, which stated that a non-probationary employee could only be terminated for cause. MHA's personnel policies also state that when an employee is to be dismissed, he is to be provided with notice and an opportunity to be heard.

Prior to Hughes' termination, Vasiliou had directed several age-biased comments towards Hughes.

Hughes' was discharged on March 8, 2002. He was 64 years old at the time of his

4