# EXHIBIT A

# GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

ATTORNEYS AT LAW
405 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

JOSEPH D. GARRISON
ETHAN A. LEVIN-EPSTEIN*†
LEWIS CHIMES*†
ROBERT A. RICHARDSON
JEFFREY S. BAGNELL†
STEPHEN J. FITZGERALD*

TEL. 203-777-4425
FAX. 203-776-3965
WWW.GARRISONLAW.COM

* ALSO ADMITTED TO NEW YORK BAR
† ALSO ADMITTED TO MASSACHUSETTS BAR

November 26, 2003

Via Facsimile (860) 275-8299
and Via First Class Mail

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford CT 06103-3597

Re: **Hughes v. Milford Housing Authority**

Dear Attorney Walker:

I am in receipt of your Notice of Deposition and Request for Production relating to Dion Smith. As you know, I am also representing Mr. Smith in a matter unrelated to the above entitled case.

Mr. Smith is a fact witness in this matter. You have noticed his deposition for Hartford, Connecticut. Hartford is inconvenient to Mr. Smith, given that he works in Milford and resides in Branford. Therefore, I am requesting that Mr. Smith's deposition take place at our office in New Haven, or if you prefer, some neutral office in the New Haven area.

Your Requests for Production are also overly broad. Please be advised that I intend to advise Mr. Smith to only produce documents relative to Mr. Hughes' employment at Milford Housing Authority.

I am also concerned that the housing authority intends to use Mr. Smith's deposition as an excuse to make inquiries about matters unrelated to Mr. Hughes' case. I will instruct Mr. Smith not to answer questions that do not relate to Mr. Hughes' employment or Mr. Hughes' termination from the housing authority.

GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

    I assume that we are in agreement as to the production of documents, location, and the scope of Mr. Smith's deposition. If you disagree, please let me know by the end of the day on Monday, December 1, 2003, so I can seek the appropriate court intervention.

                                          Yours truly,

                                          Lewis Chimes

LC/dmf
cc: Mr. Dion Smith

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

# Facsimile Transmission Sheet

DATE: December 1, 2003            NO. OF PAGES (including cover):   3
RE:   Hughes v. Milford Housing Authority

RECIPIENT(S) LIST

| NAME | COMPANY | FAX NUMBER | PHONE NUMBER |
|---|---|---|---|
| Lewis H. Chimes | Garrison, Levin-Epstein, Chimes & Richardson, P.C. | 203-776-3965 | 203-777-4425 |

MESSAGE:



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
www.rc.com

Note: If transmission is not clearly or completely received, please contact the sender through the direct line noted above, or if a direct line is not indicated, through the firm's main number 860-275-8200.

Confidentiality Note: The documents accompanying this facsimile transmission may contain confidential or privileged information from the law firm of Robinson & Cole LLP. This information is intended for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

December 1, 2003

**VIA FACSIMILE & U.S. MAIL**

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes
 & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Re: **Hughes v. Milford Housing Authority**

Dear Attorney Chimes:

The purpose of this correspondence is to reply to your letter of November 26, 2003.

Please clarify as to whether or not you are representing Mr. Smith with respect to this deposition. Your letter was ambiguous as to that point.

The Federal Rules of Civil Procedure do not require me to take Mr. Smith's deposition at your office in New Haven or at some other neutral office in the New Haven area. We expect Mr. Smith to be in attendance at his deposition in Hartford on December 10. Moreover, the defendants have already accommodated one request to have depositions taken in New Haven by agreeing to finish the depositions of Vasiliou and Hughes at your office. It seems fair for you to travel to this deposition.

We will proceed with the deposition on December 10 in accordance with the Federal Rules of Civil Procedure. The purpose of Mr. Smith's deposition is to provide discovery in the Hughes matter. Should you instruct Mr. Smith not to answer my questions, I will take whatever action I deem appropriate at that time.

I do not believe the requests for production are overbroad. Upon review of the documents produced by Mr. Smith, I will decide whether or not to pursue further production.



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
www.rc.com

# ROBINSON & COLE LLP

Lewis H. Chimes, Esq.
December 1, 2003
Page 2

Please contact me if you have any questions.

Very truly yours,

Anne Noble Walker



# GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON, P.C.

ATTORNEYS AT LAW
405 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

JOSEPH D. GARRISON
ETHAN A. LEVIN-EPSTEIN*†
LEWIS CHIMES*†
ROBERT A. RICHARDSON
JEFFREY S. BAGNELL†
STEPHEN J. FITZGERALD*

TEL. 203-777-4425
FAX. 203-776-3965
WWW.GARRISONLAW.COM

* ALSO ADMITTED TO NEW YORK BAR
† ALSO ADMITTED TO MASSACHUSETTS BAR

December 8, 2003

Via Facsimile (860) 275-8299
and Via First Class Mail

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford CT 06103-3597

Re:   **Hughes v. Milford Housing Authority**

Dear Attorney Walker:

Enclosed is my Motion to Quash filed on behalf of Dion Smith. Please review it. If you agree not to question Mr. Smith about the circumstances of his defamation claim, his union activity, and his cooperation with HUD, and limit production to materials related to Mr. Hughes or Mr. Hughes' employment or the termination of his employment with MHA, then the deposition can go forward on Wednesday at your offices. Otherwise, the deposition is postponed until we get a ruling from the court.

I have not been able to reach Mary Margaret Mandel. I do not have her address. Her telephone number is (203) 287-0174. I do not know if I still plan on using her as a witness. Why don't you let me contact her, and if I intend to still call her as a witness, you can depose her if you think that is necessary.

Yours truly,

Lewis Chimes

LC/s
cc: Mr. Dion Smith

# ROBINSON & COLE LLP

ANNE NOBLE WALKER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
awalker@rc.com
Direct (860) 275-8303

December 9, 2003

**VIA FACSIMILE & U.S. MAIL**

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes
   & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Re:  **Hughes v. Milford Housing Authority**

Dear Attorney Chimes:

The purpose of this letter is to respond to your correspondence of December 8, 2003 and to address the scope of Dion Smith's deposition. It also confirms the Defendants' position on the scope of the deposition, as explained to you on the telephone mid-day today. I am particularly troubled by your attempt to put off this deposition at the eleventh hour, as it has been noticed since mid-November.

As I stated in my correspondence of December 1, 2003, the purpose of Mr. Smith's deposition is to provide discovery in the Hughes matter. As you are fully aware, Mr. Smith is a material witness to the actual separation of employment of Mr. Hughes. If you recall, your client's testimony on the circumstances of his separation on March 8, 2003 changed several times, thus, Mr. Smith's confirmation of the actual events is particularly important. Furthermore, Mr. Hughes testified in his deposition that he had several conversations with Mr. Smith, including repeating the allegations of the Complaint to Mr. Smith. Thus, your charge that the sole purpose of this deposition is to harass Mr. Smith is entirely without merit. It is equally clear that the Defendants are entitled to secure Mr. Smith's testimony under oath, as with any other witness, irrespective of Mr. Smith's status as an employee of the Milford Housing Authority. Indeed, the Defendants' attempt to conduct this inquiry in an objective, controlled setting demonstrates a commitment to remove this dispute from the workplace.

As to Mr. Smith's interaction with HUD or DOJ, the Defendants maintain that this line of questioning is appropriate and falls well within the scope of the Federal Rules of Civil Procedure, Rule 26a. Mr. Hughes has brought a claim under the Fair Housing Act alleging that he aided and abetted in the implementation of the 1999 Settlement Agreement with the Department of Justice. Mr. Hughes further alleges that his employment was severed because of that activity. It is also undisputed that



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Lewis H. Chimes, Esq.
December 9, 2003
Page 2

HUD and DOJ were informed of the allegations made in the Complaint. Indeed, the allegations apparently prompted an audit by the DOJ in August of 2002. The Defendants are entitled to explore how such statements were communicated to DOJ/HUD, by whom, and the extent of Hughes' and his colleague's involvement in such activity to allegedly promote the purpose of the Settlement Agreement. Such information is at a minimum relevant to the charge that Hughes aided and abetted the plaintiffs named in the Settlement Agreement. Furthermore, the DOJ's ultimate conclusion in 2002, as revealed in Ms. White's deposition, that there was insufficient evidence to support claims that MHA or Mr. Vasiliou thwarted implementation of the Settlement Agreement is relevant to refutation of a pretext charge.

As I previously indicated, Mr. Smith's union organizing activity and his frivolous defamation claim are of no concern to the Defendants in this lawsuit.

I understand based on our conversation mid-day today that you will not produce Mr. Smith tomorrow. Accordingly, I will move for an extension of the discovery deadlines and prepare a formal objection to your motion. I see both of these additional pleadings as an unnecessary waste of resources and time. However, they are the only options open to the Defendants because the Plaintiff has refused to proceed with Mr. Smith's deposition.

In addition, I still need a confirmation from you as to the scope of your representation of Mr. Smith. Kindly advise me if you are representing him in this deposition, and in his capacity as employee of the MHA, or if you are merely representing him with respect to a potential defamation claim against the Housing Authority and/or Mr. Vasiliou. Lastly, please confirm in writing to me your withdrawal of the First Amendment and §1983 claims. Thank you for your attention to these matters.

Very truly yours,

Anne Noble Walker

Anne Noble Walker

