UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
| | |
|---|---|
| JOHN HUGHES, | : CIVIL ACTION NO. |
| Plaintiff, | : 3:02CV1917(MRK) |
| vs. | : |
| MILFORD HOUSING AUTHORITY, ET AL, | : |
| Defendants. | : March 23, 2004 |

---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
SECOND MOTION TO AMEND HIS COMPLAINT**

**I.   PRELIMINARY STATEMENT**

The plaintiff, John Hughes, brings this action pursuant to the Fair Housing Act, 42 U.S.C. §3617, and 42 U.S.C.§1983, as well as various state law claims stemming from the termination of his employment by the Milford Housing Authority on March 8, 2002.  Hughes filed suit in October, 2002.

Discovery was completed by the end of February 2004, and defendants are in the process of filing their summary judgment motion.

Unfortunately, on February 25, 2004, the defendants retaliated against Mr. Hughes for his Fair Housing Act claims, and for speaking out on issues of public concern relating to the Milford Housing Authority by having Mr. Vasiliou file a defamation complaint in the Superior Court, Vasiliou v. Hughes.  Mr. Hughes now seeks to amend the instant claims to include claims for retaliation under the Fair Housing Act, 42 U.S.C. §3617,  and 42 U.S.C.§1983 as a result of defendants' most recent actions.

## II.   RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A.   Background to Hughes' Lawsuit

The Defendant Milford Housing Authority ("MHA") is a public housing authority receiving federal funds for development and operation of public housing pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 et seq. It operates under the direction of a five member Board of Commissioners.  The defendants Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone (Collectively "the commissioners") were commissioners of the defendant MHA acting within the scope of their authority.  The defendant Anthony J. Vasiliou was the Executive Director of the defendant MHA.

In 1996 and 1997, the defendant MHA was the subject of several lawsuits, consolidated under dkt. # 396 CV 01118 (AHN),  for violations of the Fair Housing Act, 42 U.S.C. §§3601, et seq.  In 1999, the MHA reached a settlement agreement with the U.S. Department of Justice, the Department of Housing and Urban Development, the NAACP, and the private plaintiffs.  The purpose of the settlement agreement was to further the purpose of the Fair Housing Act, to wit, to ensure that low income and minority citizens gain the benefits of subsidized housing provided by the MHA.  In the settlement agreement, the MHA would receive $3,500,000 from the Department of Housing and Urban Development and agreed to develop 28 units of scattered site housing over a three year period.

The plaintiff John Hughes commenced employment with the Milford Housing Authority on January 5, 1999, in the position of Director of Facilities Management and Operations. Hughes reported directly to defendant Anthony J. Vasiliou.

Despite the legal obligation and funding provided to implement the settlement agreement,

2

Vasiliou told Hughes and others on several occasions that he had no intention of building 28 units of housing. MHA spent all of the allocated funds after it had only completed 18 of the 28 units of low income housing called for in the settlement agreement. On several occasions prior to his termination, Hughes questioned whether the expenses being incurred for the acquisition of the low income housing units were too high. On February 28, 2002, Hughes threatened to tell the Justice Department that Vasiliou had no intention of building the 28 units of housing.

Hughes' was discharged eight days later, on March 8, 2002. He was 64 years old at the time of his discharge. Hughes was never given any prior notice before his discharge.

MHA justified Hughes' departure as a "reorganization" for budgetary reasons. This rationale was purely pretextual. Hughes' position was the only position "reorganized." His discharge did not result in any budgetary savings. He was replaced by an individual who made more money than Hughes.

Hughes' discharge were a part of Vasiliou and the MHA Commissioners' efforts to avoid compliance with the Fair Housing Act Settlement.

**B.     Post-Termination Events Leading Up to Vasiliou's Defamation Claim**

Several months after Hughes' discharge from the Milford Housing Authority, in August 2002, Hughes was interviewed by attorneys from the Justice Department Civil Rights Division in connection with an investigation of potential violations of the FHA and the settlement agreement by defendants. Hughes cooperated in that investigation and provided truthful information about his knowledge about the Milford Housing Authority and statements made by Anthony Vasiliou.

In October 2002, Hughes, through counsel, filed the instant complaint alleging violations of the Fair Housing Act and §1983 in connection with his discharge, in the State of Connecticut

Superior Court for the Judicial District of Ansonia/Milford. The case was removed to U.S. District Court by defendants on October 30, 2002.

After he had filed his lawsuit, Mr. Hughes also spoke to Frank Juliano, a reporter for the Connecticut Post. In October 2002, Hughes was quoted in the Connecticut Post by Juliano on several occasions. Hughes made truthful statements to Juliano about his lawsuit and matters of public concern.

Commencing in 2003, the U.S. Department of Housing and Urban Development ("HUD"), Office of Inspector General commenced an audit of the Milford Housing Authority operations.

On February 19, 2004, Hughes was interviewed by HUD investigators in connection with that audit. Hughes provided truthful information on a matter of public concern to the HUD investigators relating to MHA's compliance with the Fair Housing Act, and the earlier settlement agreement.

On February 25, 2004, six days later, Hughes was served with a defamation lawsuit by Anthony Vasiliou. Although the defendants had originally removed Hughes' claim to federal court, Vasiliou chose to bring his claim in state court, in the Judicial District of Middlesex County. Defendants used the discovery process in Hughes' case to question Hughes and other witnesses extensively about Hughes' statements about Vasiliou in order to gather information to enable Vasiliou to bring a defamation claim.

Vasiliou's defamation lawsuit is frivolous. None of the statements made by Hughes are false or defamatory. It is also futile. Hughes is 66 years old and has remained unemployed since the time of his discharge by the MHA.

Vasiliou's lawsuit was undertaken in retaliation for Hughes' support of the Fair Housing Act and criticism of MHA through his speech, his cooperation with federal authorities, and his filing of a lawsuit alleging violations of the Fair Housing Act.

At all times mentioned herein, Vasiliou was the agent, servant, and employee all of the defendants, and his lawsuit was undertaken for the benefit of the defendants. Defendants through their agents, servants, and employees, have aided, abetted, and assisted Vasiliou's lawsuit against Hughes.

As a result of defendants' retaliatory act, Hughes will incur additional expenses, including, but not necessarily limited to attorney's fees and legal costs and travel expenses, and has suffered additional emotional distress as a result of Vasiliou's filing of his frivolous lawsuit.

**B.    Status of Hughes' Lawsuit**

Discovery was completed in Hughes' on February 26, 2004. Dispositive Motions are due on April 1, 2004.

**III.    LEGAL DISCUSSION**

**A.    Hughes May Properly Bring A Retaliation Claim Under §1983 and the Fair Housing Act as a Result of Vasiliou's Lawsuit**

Hughes may bring a claim of unlawful retaliation under 42 U.S.C. §3617 based upon Vasiliou's defamation lawsuit. Walker v. City of Lakewood, 272 F. 3d 1114 (9th Cir.) cert. denied 535 U.S. 1114, 122 S. Ct. 1607 (2002); Marks v. BLDG Management Co., Inc., 2002 WL 764473 (S.D.N.Y. 2002); Broome v. Biondi, 17 F. Supp. 2d 211, 218-219 (S.D.N.Y. 1997); Zhu v. Countrywide Realty Co., 165 F. Supp. 2d 1181 (D. Kan. 2001); U.S. v. Wagner, 940 F. Supp. 972, 978-80 (N.D. Tex. 1996).

Hughes may also bring a claim under 42 U.S.C. §1983 for retaliation for his exercise of his free speech rights based upon Vasiliou's filing of the defamation claim. Smith v. Garretto, 147 F.3d 91, 95 (2d Cir. 1998); Greenwich Citizens Committee v. Counties of Warren and Washington Industrial Development Agency, 77 F.3d 26, 31 & n. 5 (2d Cir. 1996).

**B.      Plaintiff Should Be Permitted to Bring His Retaliation Claims Along With His Underlying Fair Housing and §1983 Claims**

Rule 15 of the Federal Rules of Civil Procedure states in pertinent part:

> **(a) Amendments . . . a party may amend a party's pleading . . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.**

Leave to file an amended complaint should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. Milanese v. Rust-Oleum Corp., 244 F.3d 104 (2d Cir. 2001); MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir.1998) (per curiam )(district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay or prejudice to the opposing party).  In this Circuit a party has been allowed to amend a complaint even where the basis for the amendment existed at the time of the original complaint and after discovery was complete and a summary judgment motion had been filed. See Hanlin v. Mitchelson, 794 F.2d 834 (2d Cir. 1986).

It would be extraordinarily unfair and a waste of judicial resources to deny plaintiff the right to bring his retaliation claims in the instant action, and force him to either (1) bring his retaliation claims in a distant forum and venue chosen by the defendant, or (2) bring a third lawsuit.

Defendants cannot claim that the timing of the amendments and any delay engendered by

them is prejudicial. In the instant case, it was their agent, Vasiliou's actions that have raised the need for plaintiff to bring these additional claims. Vasiliou elected not bring the counterclaim as part of this action. He instead chose to bring it in state court, in a different and distant venue (Middletown) from where this action was initially brought (Milford), and far from where Hughes worked or resides. Defendants' agent, Vasiliou, also waited until discovery was completed before bringing the defamation claim. Defendants cannot claim prejudice when it was their actions that created the need and the timing for the filing of the additional claims.

Plaintiff's proposed amendments are being brought as soon as possible after the actions giving rise to them occurred (2/25/04).

Moreover, there will be little delay from the amendment. Plaintiff will need minimal additional discovery on these claims. Plaintiff anticipates submitting only written interrogatories and production requests which should require no more than 60 days to complete. Defendant should require no additional discovery, since the retaliation claims are entirely predicated on their actions, and they have already conducted extensive discovery relevant to Vasiliou's claim.

Amendment also will conserve judicial resources, as it will avoid the filing of another separate lawsuit for plaintiff's retaliation claims.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, the plaintiff's Motion to Amend the complaint should be granted.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF, JOHN HUGHES


By:_____/s/_____
        Lewis H. Chimes
        *Fed. Bar No.:  ct07023*
        GARRISON, LEVIN-EPSTEIN, CHIMES
          & RICHARDSON, P.C.
        405 Orange Street
        New Haven, CT  06511
        Ph:  (203) 777-4425
        Fax: (203) 776-3965
        lchimes@garrisonlaw.com


### **CERTIFICATION**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, postage prepaid, this 23rd day of March 2004 to:

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597


_____/s/_____
Lewis Chimes

8