# SUMMONS - CIVIL
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

"X" ONE OF THE FOLLOWING:
*Amount, legal interest or property in demand, exclusive of interest and costs is:*
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more
("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

## INSTRUCTIONS
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday): **3-16-04**

[X] JUDICIAL DISTRICT  [ ] HOUSING SESSION  [ ] G.A. NO.
AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349): **Middletown**
CASE TYPE (See JD-CV-1c): Major **T**  Minor **50**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED: **1 Court Street, Middletown, CT 06457-3374**
TELEPHONE NO.: **860-343-6400**

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Vasiliou, Anthony J., 48 Glen Road, Middletown, CT 06457 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | Hughes, John J., 118 Clarendon Street, Stratford, CT 06614 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 2-23-04 | | | David L. Metzger |

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE: **Metzger & Associates, 25 Capitol Avenue, Hartford, CT 06106**
TELEPHONE NUMBER: **860-549-5026**  JURIS NO.: **416310**

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250: **Valerie Gilleran, 25 Capitol Avenue, Hartford, CT 06106**
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|
| 1 | 1 | 4 | | | |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A True Copy
Attest: Robert A. Magnusom, Sr.
Connecticut State Marshal
Fairfield County

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

|  |  |  |
|---|---|---|
|  |  | Return Date: March 16, 2004 |
| ANTHONY J. VASILIOU, | : | SUPERIOR COURT |
| Plaintiff | : |  |
|  | : | J.D. OF MIDDLESEX |
| v. | : | at MIDDLETOWN |
|  | : |  |
| JOHN J. HUGHES | : | February 23, 2004 |
| Defendant | : |  |

## COMPLAINT

**COUNT ONE:   DEFAMATION**

1.  Anthony J. Vasiliou (Vasiliou) is a citizen of the State of Connecticut and resides at 48 Red Glen Road in Middletown, Connecticut.

2.  John J. Hughes (Hughes) is a citizen of the State of Connecticut and resides at 118 Clarendon Street, Stratford, Connecticut.

3.  Both Hughes and Vasiliou were employed by the Milford Housing Authority during a portion of the time relevant to this matter.

4.  Prior to either Vasiliou or Hughes employment with the Housing Authority, the Department of Justice and others brought suit in federal court against the Housing Authority claiming violations of federal law.

5.  That federal suit was settled by agreement between the Housing Authority, the Justice Department and other parties. Part of Vasiliou's responsibility was to assure that the Housing Authority complied with the agreement and with federal law.

1



6. Hughes employment with the Housing Authority ended on or about March 8, 2002.

7. Hughes made statements to several individuals on several occasions to the effect that Vasiliou had no intention of complying with the agreement reached between the Milford Housing Authority and the United States Department of Justice. Hughes made statements that Vasiliou was intentionally avoiding compliance with the agreement.

8. On or about February 28, 2002, Hughes made such statements to Al Kuncas, when the two were meeting in Hughes office.

9. After March 8, 2002, Hughes made similar statements to at least three other individuals including: Karen DeVito, Mary Margaret Mandell and Frank Juliano.

10. These statements of Mr. Hughes were widely circulated and appeared in a local newspaper.

11. These statements made by Hughes are not true.

12. These statements made by Hughes are not privileged.

13. These statements were made by Hughes with malice and with reckless disregard for the truth.

2

14. These statements charge Vasiliou with improper conduct or lack of integrity in his business or profession.
15. These statements are calculated to cause injury to Vasiliou in his business and profession.
16. The statements have caused injury to Vasiliou's professional reputation.
17. The statements charge Vasiliou with criminal conduct or a chargeable offense that could result in imprisonment.
18. Vasiliou has suffered actual damage as a result of these statements.

**COUNT TWO:     FALSE LIGHT**

1. Paragraphs 1 through 19 of Count One are hereby incorporated as if fully set forth herein.
19. The statements were such a major misrepresentation of Vasiliou's character, history, activities or beliefs that serious offense would reasonably be expected to be taken by a reasonable person in his position.
20. By making the statements to Frank Juliano, Hughes had reason to believe the statements would be given wide publicity and intended that they be given such publicity.
21. The statements were given wide publicity and were published to thousands of people in Connecticut Post, a newspaper with wide circulation in Connecticut.

3

22. Vasiliou has suffered damages, including emotional distress, as a result of this publicity that placed him in a false light in public.

**COUNT THREE:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1. Paragraphs 1 through 22 of Count Two are hereby incorporated as if fully set forth herein.
20. Hughes conduct in making these statements was outrageous.
21. Hughes conduct foreseeably caused Vasiliou to suffer severe emotional distress and mental anguish, loss of enjoyment of life, humiliation, anxiety and depression.
22. Hughes is liable to Vasiliou for the damages suffered by Vasiliou.

**COUNT FOUR:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1. Paragraphs 1 through 22 of Count Two are hereby incorporated as if fully set forth herein.
20. Hughes conduct in making these statements was unreasonable in that he knew or should have known that these statements were not true.
21. Hughes should have foreseen that his unreasonable conduct in making these statements was highly likely to cause plaintiff sufficiently severe emotional distress to lead to illness or bodily injury.

22. Hughes conduct did cause Vasiliou significant emotional distress and physical manifestations of that distress.

23. Hughes is liable to Vasiliou for the harm caused.

## PARAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the defendant, and that the following relief be awarded the plaintiff:

1. Compensatory damages.
2. Actual and nominal money damages.
3. Punitive damages.
4. Such other relief as the Court may deem just.

ANTHONY VASILIOU
PLAINTIFF

By _____
David L. Metzger, Esq.
Metzger & Associates
25 Capitol Avenue
Hartford, CT 06106
(860) 549-5026
Juris No. 416310

5