UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES,<br><br>    Plaintiff,<br>V.<br><br>MILFORD HOUSING AUTHORITY, ET AL,<br><br>    Defendants. | :<br>:<br>:<br>:   CIVIL NO. 3:02CV1917(MRK)<br>:<br>:<br>:<br>:<br>:   APRIL 2, 2004 |

MOTION FOR EXTENSION OF TIME
TO FILE SUMMARY JUDGMENT

The Defendants hereby move for an Extension of Time to file a Motion for Summary Judgment. In support of this Motion, the Defendants state as follows:

1.    In September, 2002, the Plaintiff filed the instant action in State Court. The Plaintiff alleged retaliation under the Fair Housing Act 42 U.S.C. § 3617, wrongful discharge in violation of public policy, retaliation under Conn. Gen. Stat. 31-51q, and retaliation under the First Amendment pursuant to 42 U.S.C. § 1983.

2.    The case was timely removed to Federal Court on or about October 29, 2002 and Defendants interposed an answer on or about December 5, 2002.

3.    Pursuant to the Federal Rules of Civ. Proc., Rule 16(b) and 26(f), the parties agreed to a discovery plan. The Court approved the plan on January 10, 2003. Discovery was ordered completed by October 15, 2003 and the Summary Judgment deadline was set for December 15, 2003.

HART1-1170691-1

4.	The parties also attempted to settle the case before Judge Garfinkle in the Spring of 2003. Settlement talks were not productive and discovery commenced in earnest in the summer and fall of 2003.

5.	On or about July 16, 2003, the Plaintiff filed his first Motion to Amend the Complaint to add two counts; breach of contract and breach of the covenant of good faith and fair dealing.

6.	The Motion to Amend, objected to by the Defendants, was granted by the Court on or about August 18, 2003, and the Defendants filed an Amended Answer on September 18, 2003.

7.	On or about October 10, 2003, the Court ordered all discovery to be completed by December 15, 2003, and Summary Judgment Motions to be filed by February 15, 2004. This extension of time was requested to permit the completion of depositions.

8.	Depositions were completed as follows:

|   |   |   |   |
|---|---|---|---|
| a. | Plaintiff Jack Hughes | Sept. 12, 2003 | Nov. 25, 2003 |
| b. | Defendant Anthony Vasiliou | Sept. 17, 2003 | Nov. 25, 2003 |
| c. | Karen Devito | Dec. 11, 2003 | |
| d. | David Dunn | Nov. 13, 2003 | |
| e. | Theresa Ewald | Oct. 7, 2003 | |
| f. | Dion Smith | Feb. 26, 2004 | |
| g. | Mary Margaret Mandell | Feb. 25, 2004 | |

9.	On December 8, 2003, Plaintiff filed an objection to the deposition of Mr. Dion Smith, scheduled for December 10, 2003. The Court heard those Objections and ordered the

deposition to proceed in February of 2004, unless HUD or DOJ intervened. No such intervention occurred. The deposition was taken on February 26, 2004. <u>Discovery was thus completed by March 1, 2004 in accordance with this Court's Order</u>, and the Defendants prepared to file a Motion for Summary Judgment by May 1, 2004.

10. On December 8, 2003, as noted in Plaintiff's Motion to Quash filed on that date, the Plaintiff also <u>withdrew</u> his First Amendment claims under 42 U.S.C. § 1983 and Conn. Gen. Stat. 31-51q.

11. On or about February 23, 2004, prior to the expiration of the statute of limitations on his tort claims, Defendant Anthony Vasiliou filed an action in State Court alleging defamation, false light, intentional infliction of emotional distress, and negligent infliction of emotional distress against Mr. Hughes. Mr. Vasiliou is represented by Attorney David Metzger in that lawsuit. Defendant, Milford Housing Authority, is not a party to nor paying legal fees associated with that action.

12. On or about Friday, March 19, the Plaintiff, through Counsel's legal assistant, contacted the Defendants stating that the Plaintiff intended to amend the complaint to add additional retaliation claims and a new charge under the First Amendment, the very claim withdrawn in December 2003 (see ¶ 10). The Defendants objected at first blush based on the procedural posture of this case. The Defendants also <u>sought clarification of the Plaintiff's proposed Motion</u>. The Plaintiff did not return Defendants' call in order to discuss the proposed amendment to the pleadings and its impact on discovery and/or Summary Judgment.

13. The Plaintiff's proposed Amendment to the Complaint severely prejudices the Defendants. Plaintiff's proposed Amendment requires the parties to engage in additional

3

discovery.[1] Plaintiff's proposed Amendment also requires the Defendants to file an extensive objection to Plaintiff's Motion, and the new pleading raises the possibility of a Rule 12(b)(6) motion as well. Furthermore, and most importantly, <u>the Plaintiff's Motion renders it impossible to complete in the month of April a comprehensive Motion for Summary Judgment</u> as to all counts because the status of the pleadings is unresolved and discovery is incomplete.

14. The Defendants contacted the Plaintiff to learn his position on this Motion for Extension of Time. The Plaintiff had no objection.

15. Two previous Motions to Modify these deadlines have been filed.

WHEREFORE, the Defendants respectfully request that this Court postpone the deadline for filing dispositive motions until the present dispute is resolved, or in the event that the Court grants the Plaintiff's motion, until discovery is completed as to the remaining counts and the pleadings are closed. The Defendants seek thirty (30) days from the completion of discovery and closure of pleadings or thirty (30) days from a resolution of the Motion to Amend the Complaint in Defendant's favor.

---

[1] The Plaintiff states in his motion that no discovery is needed by the Defendants because all of the information relative to the Amendments is within the Defendants' purview. The Plaintiff is wrong; for instance, The Plaintiff claims the Defendants knew of Mr. Hughes' conversation with HUD on February 19, 2004. Defendants are entitled to determine the circumstances under which Plaintiff contends that the Defendants were informed of that meeting and the contents of that meeting. Discovery in that area is critical to establishing liability for retaliatory behavior as well as to determine whether the Plaintiff meets the standard under the First Amendment for addressing a matter of "public concern." At a minimum, the Plaintiff must be deposed for a third time.

4

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY VASILIOU, RICHARD ANDERSEN, HILARY HOLOWINK, JOHN AMENTA, EDWARD CANELLI, JACK TUCCIARONE

By: _____
Richard F. Vitarelli (ct 15145)
Anne Noble Walker (ct 11637)
Michael G. Petrie (ct 22789)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: awalker@rc.com
Email: mpetrie@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 2nd day of April, 2004 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

_____
Michael G. Petrie