## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN HUGHES,

      Plaintiff,

V.                                 :      CIVIL NO. 3:02CV1917(MRK)

MILFORD HOUSING AUTHORITY, ET
AL,

      Defendants.                 :      APRIL 1, 2004

## DEFENDANTS' MOTION TO LIFT THE PROTECTIVE ORDER
## GOVERNING THE DEPOSITION OF DION SMITH

Pursuant to the Federal Rules of Civil Procedure, the Defendants respectfully move this Court to lift the Protective Order governing the deposition testimony of Dion Smith, a third party witness in this matter. In support thereof, the Defendants state the following:

1.      On November 26, 2003, the Plaintiff filed a Motion of Third Party Witness to Quash the Subpoena for Mr. Smith's deposition.

2.      The Court denied the Plaintiff's Motion but entered a Protective Order requiring that certain portions of Mr. Smith's deposition testimony be kept confidential and not disclosed to Anthony Vasiliou, a named Defendant in this matter, and formerly Mr. Smith's supervisor.

3.      During his deposition, taken on February 26, 2004, Mr. Smith provided testimony regarding his knowledge of the events and circumstances of the Plaintiff's employment and termination of employment.

4.      Mr. Smith's testimony did not, however, reflect any of the concerns voiced by the Plaintiff's Counsel to support shielding the testimony from Mr. Vasiliou.

5.      Mr. Smith recently resigned from his employment with the Milford Housing Authority and, therefore, is no longer in an employment relationship with any of the Defendants, including Mr. Vasiliou.

6.      Based on Mr. Smith's recent resignation and the absence of any testimony warranting confidentiality, there is presently no reason to keep Mr. Smith's deposition transcript confidential or restrict its disclosure to any of the Defendants.

7.      It is critical that the Defendants have adequate access to evidence relevant to the Plaintiff's claims to defend against the Plaintiff's allegations of wrongdoing.

8.      Accordingly, the Protective Order governing Mr. Smith's deposition testimony should be lifted, and the Defendants should be granted full access to the transcript.

The Defendants have submitted a Memorandum in support of this Motion.

WHEREFORE, the Defendants respectfully request that the Court lift the Protective Order governing the deposition testimony of Mr. Smith.

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY
VASILIOU, RICHARD ANDERSEN, HILARY
HOLOWINK, JOHN AMENTA, EDWARD
CANELLI, JACK TUCCIARONE

By: _____
Michael G. Petrie (ct 22789)
Richard F. Vitarelli (ct 15145)
Anne Noble Walker (ct 11637)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: mpetrie@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 1st day

of April, 2004 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Michael G. Petrie

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN HUGHES,

       Plaintiff,

V.

MILFORD HOUSING AUTHORITY, ET
AL,

       Defendants.

:
:
:     CIVIL NO. 3:02CV1917(MRK)
:
:
:
:
:
:     APRIL 1, 2004

**MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION TO LIFT
THE PROTECTIVE ORDER GOVERNING THE DEPOSITION OF DION SMITH**

Pursuant to the Federal Rules of Civil Procedure, the Defendants move this Court to lift

the Protective Order governing the deposition testimony of Dion Smith, a third party witness in

this matter.

I.      **INTRODUCTION**

This action rises out of the Plaintiff's separation of employment from the Milford

Housing Authority (the "MHA") in March of 2002. The Plaintiff's Amended Complaint[1]

contains four counts alleging unlawful retaliation under the Fair Housing Act, 42 U.S.C. § 3617,

and common law claims for (i) wrongful discharge in violation of public policy; (ii) breach of

contract; and (iii) breach of the covenant of good faith and fair dealing.

The present Motion arises out of the deposition of Dion Smith, which took place on

February 26, 2004. At the time of the Plaintiff's termination, Mr. Smith held the position of

---

[1] In his Motion of Third Party Witness to Quash, the Plaintiff withdrew his claims brought under Conn. Gen. Stat.
§ 31-51q (Count III) and 42 U.S.C. § 1983 (Count IV).

Work Center Supervisor and reported to the Plaintiff, who was employed by MHA as the Director of Facilities Maintenance and Operations from January 1999 until March 8, 2002. The Plaintiff also identified Mr. Smith as a fact witness.

The Defendants now seek to have the Protective Order lifted on the grounds that the testimony given by Mr. Smith on February 26, 2004 provides no basis for confidentiality, and there is no reason for a Protective Order to be in place.

## II.    STATEMENT OF THE CASE

On or about November 24, 2003, the Defendants noticed the deposition of Mr. Smith, which was to be taken on December 10, 2003.[2] At the time he was deposed, Mr. Smith remained employed by MHA and was supervised by Anthony Vasiliou, a named Defendant in this matter.

On or about November 26, 2003, the Plaintiff filed a Motion seeking an order preventing Mr. Smith's deposition, or in the alternative, restricting the questions asked by the Defendants. In his Motion, the Plaintiff argued that the deposition and attached document request were intended to harass and retaliate against Mr. Smith. The basis of the alleged harassment was that Mr. Smith had (1) been engaging in union organization activities, (2) was interviewed by the U.S. Department of Housing and Urban Development ("HUD") in connection with an investigation of MHA, and (3) threatened a separate lawsuit against Mr. Vasiliou. The Plaintiff also argued that the Defendants should be prohibited from inquiring into areas not relevant to the Plaintiff's claims.

---

[2] Mr. Smith's testimony is relevant to the defense of this case because, among other considerations: (1) Mr. Smith was employed by MHA and reported to the Plaintiff at that time of the Plaintiff's termination; (2) Mr. Smith is believed to have witnessed a number of significant events relevant to the Plaintiff's claims; and (3) Mr. Smith personally delivered to the Plaintiff a letter confirming the termination of his employment.

The Defendants filed a Memorandum in Opposition to the Plaintiff's Motion. The parties were unable to reach agreement on the scope of deposition and, on January 20, 2004, conferred with the Court to resolve the matter.

During the conference, the Court agreed that the Defendants should be permitted to depose Mr. Smith, including the nature of Mr. Smith's conversations with Department of Justice ("DOJ"), HUD or other governmental agencies, and therefore, denied the Plaintiff's Motion. The Court did, however, impose a Protective Order and allowed the DOJ or HUD an opportunity to file objections, although neither the DOJ nor HUD took such action. The Court's Order permitted Mr. Vasiliou to be present during Mr. Smith's deposition, except for those portions wherein questions would be asked concerning Mr. Smith's communications with the DOJ and HUD. The Court indicated that it would review Mr. Smith's testimony prior to allowing its disclosure to Mr. Vasiliou. The Court also informed the parties that questions relating to Mr. Smith's potential lawsuit against Mr. Vasiliou should be kept narrow, and the parties could contact the Court with any disputes arising during the deposition.

## III.    ARGUMENT

The deposition testimony of Mr. Smith shows that the Protective Order should be lifted. During the deposition,[3] Mr. Smith was asked questions regarding his knowledge of: the job description and duties of his position, Work Center Supervisor, changes to his job duties since the Plaintiff's termination, the responsibilities of the clerk of the works for MHA, Mr. Smith's conversations and communications with the Plaintiff after the Plaintiff's termination, events occurring during the Plaintiff's employment and on the date of the Plaintiff's termination,

---

[3] A copy of Mr. Smith's deposition transcript is attached at Exhibit 1.

3

including Mr. Smith's delivery of a letter to the Plaintiff, a conversation between the Plaintiff

and Alphonse Kuncas, an architect engaged by MHA, shortly before the Plaintiff's termination, a

Settlement Agreement between the DOJ and MHA, and any conversations Mr. Smith had with

government agencies regarding the Plaintiff's termination. There were no issues which required

judicial intervention, and the deposition was completed quickly.

Mr. Smith's testimony did not include any sensitive or confidential information

warranting a Protective Order. As the record shows, Mr. Vasiliou excused himself for the

portion of the deposition which involved questions pertaining to Mr. Smith's communications

with the DOJ or HUD. In Mr. Vasiliou's absence, Mr. Smith was to provide confidential

testimony regarding his communications with those or other governmental agencies. During his

deposition, however, Mr. Smith provided very little substantive information concerning

communications with the DOJ or HUD, and what little information he provided was very general

and not sensitive in nature. Most importantly, Mr. Smith gave no testimony which warrants

confidentiality or protection from disclosure. Specifically, Mr. Smith was asked whether anyone

from any government agency, including the DOJ or HUD, questioned him about the Plaintiff's

termination. Mr. Smith responded that auditors from Office of the Inspector General asked him

what he "thought about [the Plaintiff] being fired, and [Mr. Smith] said something like I think he

got a raw deal." (Deposition of Dion Smith at p. 63-64). In response, the auditors commented,

"well that doesn't really concern us." (Deposition of Dion Smith at p. 64). According to Mr.

Smith, there were no further questions by the DOJ, HUD or any other government agencies

concerning the Plaintiff's termination. The only other inquiry by a government agency described

by Mr. Smith contained no specific details and, if anything, demonstrated that Mr. Smith had little information regarding HUD's inquiry into the MHA. Given lack of any sensitive or confidential information in Mr. Smith's testimony, the Protective Order is completely unwarranted and, therefore, should be lifted, particularly in light of Mr. Smith's resignation from the MHA.

Given the broad scope of discovery, the Defendants are entitled to full access to Mr. Smith's deposition transcript. Under the Federal Rules of Civil Procedure, the Defendants are entitled to discovery on "any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). Mr. Smith's testimony is clearly relevant to the defense of the Plaintiff's claims and therefore falls within the broad scope of discovery. The Plaintiff has provided no basis for denying or restricting the Defendants' access to this testimony. Unless the Plaintiff shows "good cause" that a Protective Order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," all of the Defendants, including Mr. Vasiliou, should be granted unrestricted access to Mr. Smith's deposition transcript. F.R.C.P. 26(c). In summary, Mr. Smith's testimony revealed no sensitive or confidential information, and the Plaintiff cannot demonstrate good cause for limiting or restricting the Defendants' access; therefore, the Protective Order should be lifted.

## IV.    CONCLUSION

Based on the substance of Mr. Smith's testimony, there is no need for a Protective Order limiting the Defendants' access to and use of Mr. Smith's testimony in connection with this

5

matter. In addition, lifting this Order will facilitate the parties' filing of pre-trial motions and administration of the trial, if necessary.

Wherefore, the Defendants respectfully request that this Court lift the Protective Order governing Mr. Smith's deposition.

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY
VASILIOU, RICHARD ANDERSEN, HILARY
HOLOWINK, JOHN AMENTA, EDWARD
CANELLI, JACK TUCCIARONE

By: _____
        Michael G. Petrie (ct 22789)
        Richard F. Vitarelli (ct 15145)
        Anne Noble Walker (ct 11637)
        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, CT 06103-3597
        Tel. No.: (860) 275-8200
        Fax No.: (860) 275-8299
        Email: mpetrie@rc.com

6

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 1st day

of April, 2004 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

_____
Michael G. Petrie

7