UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES, | : |
| Plaintiff, | : |
| v. | : Civil No. 3:02cv1917 (MRK) |
| MILFORD HOUSING AUTHORITY, et al. | : |
| Defendants. | : |

**RULING AND ORDER**

Having considered pending motions in the above-captioned case, the Court hereby GRANTS Plaintiff's Motion to Amend Complaint [doc. #33] and GRANTS Defendant's Motion for Extension of Time to File Summary Judgment [doc. #35].

Plaintiff John Hughes filed a Complaint [doc. #1] on October 29, 2002 against Defendants Milford Housing Authority, Anthony Vasiliou, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli and Jack Tucciarone, pursuant to the Fair Housing Act, 42 U.S.C. § 2617, and 42 U.S.C. § 1983, and various pendent state claims arising from the termination of his employment by the Milford Housing Authority on March 8, 2002. Mr. Hughes filed an Amended Complaint [doc. #22] on August 19, 2003. Discovery was originally set to close on October 15, 2003 [doc. #10] but was extended by court order to March 1, 2004 [doc. #32]. Except for matters raised by the proposed amended complaint, all discovery is now completed

Shortly before completion of discovery, however, Mr. Vasiliou filed a lawsuit against Mr. Hughes in state court on or about February 23, 2004, alleging defamation, false light, intentional

infliction of emotional distress, and negligent infliction of emotional distress. Def.'s Mot. for Extension of Time to File Summ. J. at 3. On March 25, 2004, Mr. Hughes filed a motion to file a second amended complaint to include retaliation claims against all Defendants under the Fair Housing Act, 42 U.S.C. § 3617, and 42 U.S.C. § 1983 in connection with Mr. Vasiliou's state court action.

Generally, courts should freely grant permission to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). However, if the Court finds that the movant has engaged in "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, [or if amendment would cause] undue prejudice to the opposing party . . ." the Court has discretion to deny leave to amend. *Rachman Bag Co. v. Liberty Mut. Co., Inc.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman*, 371 U.S. at 182); *see Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

The Court recognizes that this case has been pending since October 29, 2002, that discovery closed on March 1, 2004, and that the dispositive motions deadline is (unless extended) May 1, 2004. Nevertheless, in the interest of justice, the Court believes that plaintiff should be allowed to amend his complaint. First, the Court does not believe that Mr. Hughes engaged in undue delay or demonstrated bad faith by moving to amend the Complaint following the filing of Mr. Vasiliou's state court action against Mr. Hughes on February 23, 2004. In addition, the Court does not believe that the Defendants will be unduly prejudiced by allowing Mr. Hughes to amend the Complaint to include his retaliation claims. While the Defendants correctly note that the state court action only involves Mr. Hughes and Mr. Vasiliou, Mr. Hughes' proposed retaliation claims, as alleged, relate to issues in the case currently pending before the

Court.  Finally, any additional discovery relating to Mr. Hughes' proposed retaliation claim would appear to be minimal and would not involve considerable expense or delay.

To minimize prejudice to Defendants, the Court will re-open the discovery period for a limited period of time for the sole purpose of allowing Defendants (and Defendants alone) to conduct discovery regarding Mr. Hughes' newly asserted retaliation claims arising from the filing of Mr. Vasiliou's defamation action in state court.  The parties shall have until **May 14, 2004** to complete that discovery.  Also, Defendants shall have until **June 14, 2004** to file dispositive motions.

For the foregoing reasons, the Court hereby GRANTS Mr. Hughes' Motion to Amend Complaint [doc. #33], and the Clerk is directed to docket the Second Amended Complaint attached to the Motion to Amend Complaint [doc. #33].  The Court also GRANTS the Defendants' Motion for Extension of Time to File Summary Judgment [doc. #35].

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: April 14, 2004.