UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
JOHN HUGHES,                                  :    CIVIL ACTION NO.

        Plaintiff,                            :    3:02CV1917(MRK)

vs.                                           :

MILFORD HOUSING AUTHORITY, ET AL,             :

        Defendants.                           :    April 29, 2004
-----------------------------------------------------------------x
```

**PARTIAL MOTION FOR RECONSIDERATION OF COURT'S
RULING, DATED APRIL 14, 2004 DENYING PLAINTIFF'S ADDITIONAL
LIMITED DISCOVERY ON PLAINTIFF'S AMENDED COMPLAINT**

On April 14, 2004, the Court in the above-entitled matter granted plaintiff's Motion to Amend his complaint to add retaliation claims based upon the filing of a retaliatory lawsuit by one of the defendants, Anthony Vasiliou. In its order, the court also granted the defendants a one month extension of time to complete discovery on the new claims. Although plaintiff had also requested time to complete some limited written discovery, the court only reopened discovery for the defendants.

Unfortunately, plaintiff's counsel did not receive a written copy of the order. The endorsement order that counsel received via e-mail indicated only that discovery was to be completed by May 14, 2004. Unaware that the court was only permitting the defendants to proceed with discovery, plaintiff's counsel propounded written discovery and served it on defendants on April 21, 2004. Plaintiff's counsel received a full copy of the order from the court on April 28, 2004. Counsel apologizes to the court and counsel for having inadvertently violated the court's April 14, 2004 order.

Nevertheless, the plaintiff's "discovery" cat already being out of the bag, the plaintiff

respectfully requests the court to reconsider its April 14, 2004 ruling and order the defendants to respond to plaintiff's interrogatories and production requests.  The written discovery is limited, will require minimal additional time, will not delay the proceedings, and is narrowly tailored to address two issues central to the amended retaliation claims: (1) whether the other defendants should be held responsible for defendant Vasiliou's retaliatory complaint, and (2) defendant Vasiliou and the other defendant's intent in filing the retaliatory complaint.  Permitting ths limited written discovery may also avoid the necessity of calling any of defendants' attorneys as witnesses.  In order for the court to assess this request, plaintiff's counsel has attached its written discovery as Exhibits 1 and 2.

WHEREFORE, plaintiff's counsel apologizes to the court and counsel for mistakenly violating the court's order, but respectfully requests that the court reconsider its April 14, 2004 order, and compel the defendants to respond to plaintiff's written discovery requests.

**RESPECTFULLY SUBMITTED,
THE PLAINTIFF, JOHN HUGHES**

**By:**_____
Lewis H. Chimes
*Fed. Bar No.:  ct07023*
GARRISON, LEVIN-EPSTEIN, CHIMES
    & RICHARDSON, P.C.
405 Orange Street
New Haven, CT  06511
Ph:  (203) 777-4425
Fax: (203) 776-3965
lchimes@garrisonlaw.com

## CERTIFICATION

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, postage prepaid, this <u>29th</u> day of April 2004 to:

Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

                                              _____
                                              Lewis Chimes