UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x
| | | |
|---|---|---|
| JOHN HUGHES, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV1917(SRU) |
| vs. | : | |
| MILFORD HOUSING AUTHORITY, ET AL, | : | |
| Defendants. | : | April 21, 2004 |

-----------------------------------------------------------------x

**PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED AT ANTHONY VASILIOU**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, et seq., the plaintiff, John Hughes, hereby requests that the defendant, Anthony Vasiliou, within thirty days hereof and produce legible copies of all requested documents in the defendant's possession, custody or control for inspection and/or copying at the office of the undersigned counsel within thirty (30) days of the date hereof.

**INTERROGATORIES (INSTRUCTIONS AND DEFINITIONS)**

In answering these interrogatories, furnish all information available to defendant including information in the possession of its attorneys, its investigators and all persons acting on its behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the

unanswered portions.

If the defendant refuses to answer and/or objects to any interrogatory or production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory is being answered.

The interrogatories which follow are to be considered an continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories.  Such supplementary responses are to be filed and served upon counsel for plaintiff within twenty (20) days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a. "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b. When used in connection with any corporation, the word "personnel" means all employees, officers and directors of the corporation.

c. "Document" or "records" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, photographs, e-

mail, tape recordings, motion pictures and any carbon or photographic copies of any such material if defendant does not have custody of the original. "Document" or "Record" also means any item electronically recorded on a computer hard drive, disc, CD rom, or other mechanism for storing, saving, and/or processing information.

    d.    "Identify" means, with respect to a nature person (1) his or her name; (2) his or her date of birth; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; (6) the name and address of his or her employer; and (7) his or her relationship, if any, to defendant.

    e.    "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

    f.    "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the documents was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

    g.    "Defendants" means the defendants, Milford Housing Authority, Anthony Vasiliou, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone.

    h.    "You" means the defendant Anthony Vasiliou.

**INTERROGATORIES:**

1. Please identify all persons, with whom you consulted, or who in any way assisted you in order to respond to these interrogatories, including, but not necessarily limited to, David Metzger, Ann Walker, Christopher Cody, or any attorney employed by Robinson & Cole, or David Metzger & Associates, and the date, time, and location of the communication/consultation.

2. Please state the reason that you filed the complaint <u>Vasiliou v. Hughes</u>, CV 04 0103901S ("<u>Vasiliou</u> complaint"), against Mr. Hughes.

3. Please state the reason that you served the <u>Vasiliou</u> complaint on Mr. Hughes specifically on February 25, 2004, as opposed to some other date?

4. Why did you decide to file the <u>Vasiliou</u> complaint in the Judicial District of Middlesex County, as opposed to the Judicial District of Ansonia/Milford or as a counterclaim in the instant pending federal case?

5. Would you have filed the <u>Vasiliou</u> complaint against Mr. Hughes even if he had not filed a wrongful termination complaint against you and the Milford Housing Authority?

6. Would you have filed the <u>Vasiliou</u> complaint against Mr. Hughes even if he had not cooperated with investigators from the Justice Department?

7. Were you aware that Mr. Hughes was interviewed by HUD investigators on February 19, 2004, prior to serving the <u>Vasiliou</u> complaint on Mr. Hughes less than one week later?

8. How and when did you first become aware that Mr. Hughes had been interviewed by HUD investigators on February 19, 2004?

9. Do you intend to collect monetary damages from Mr. Hughes if you prevail on your claims in the <u>Vasiliou</u> complaint?

10. If necessary, will you foreclose on his house in order to collect on a monetary judgment in that case?

11. If necessary, will you repossess his car in order to collect on a monetary judgment in that case?

12. Did you ever demand a retraction of the alleged defamatory statements that were published by Frank Juliano or the Connecticut Post prior to filing the <u>Vasiliou</u> lawsuit? If so, please state the date that you requested the retraction, and any response you received.

13. Please state the reason that you elected not to serve a defamation/invasion of privacy/negligent infliction/intentional infliction of emotional distress claim on Frank Juliano or the Connecticut Post for publicizing the alleged defamatory statements?

14. Please identify all persons with whom you communicated with in any way or consulted about potentially bringing claims or counterclaims of any sort against John Hughes, including, but not necessarily limited to, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, Jack Tucciarone, and David Dunn, and the date, time, and location of the communication/consultation.

15. As to each person, identified in interrogatory #13, please state the substance of the communication/consultation.

16. Please identify all attorneys with whom you communicated with in any way or consulted about potentially bringing claims or counterclaims of any sort against John Hughes, including, but not necessarily limited to David Metzger, Ann Walker, Christopher Cody, or any attorney employed by Robinson & Cole, or David Metzger & Associates, and the date, time, and location of the communication/consultation.

17. As to all persons identified in interrogatory #15 (with the exception of Attorney Metzger and David Metzger & Associates), please state the substance of each communication/consultation.

18. Was the issue of your bringing a potential claim or counterclaim ever discussed by or submitted to the Milford Housing Authority Board of Commissioners? If so, please state the date, time and location of said discussion/submission, the substance of the discussion/submission, and the outcome.

19. Did you ever put Mr. Hughes or his counsel on notice that your were going to bring a claim or counterclaim against him at any time prior to serving the <u>Vasiliou</u> complaint on him on February 25, 2004? If so, please state how you put Mr. Hughes on notice, who communicated your potential claim or counterclaim, and the date that such communication was made.

20. Did you ever make a settlement demand of any nature or demand for retraction

from Mr. Hughes or his counsel prior to serving the Vasiliou complaint on him on February 25, 2004?  If so, please state how such demand was communicated to Mr. Hughes, the date of the communication, and who communicated the demand.

21. Were you aware that Attorney Walker offered to settle your potential claims/counterclaims against Mr. Hughes in exchange for withdrawal of his claims or settlement of those claims for a nominal amount?

22. Did you authorize Attorney Walker to settle your potential claims/counterclaims against Mr. Hughes in exchange for withdrawal of his claims or settlement of those claims for a nominal amount?

23. Please specify the reason that you attended the depositions of:

   a. Mary Margaret Mandel

   b. Karen DeVito

   c. Dion Smith

   d. Jack Hughes

24. Did you receive regular compensation from the Milford Housing Authority for the time that you attended those depositions?

25. What is the nature of your fee agreement with attorney Metzger for Vasiliou v. Hughes (i.e. hourly, flat, fixed, contingent, mixed)?

26. Please identify any person or entity that is subsidizing or in ay way paying any portion of the costs or fees incurred in Vasiliou v. Hughes.

27.	Are you being indemnified by the Milford Housing Authority or any other person or entity for attorney's fees, costs, and damages for the claims brought against you under Counts Seven and Eight of plaintiff's Second Amended Complaint? If, so, please identify the person or entity who is providing the indemnification.

28.	Are you covered by any insurance policy for the claims being brought against you under Counts Seven and Eight of plaintiff's Second Amended complaint? If so please identify the insurance provider and the amount of insurance coverage available.

29.	Please identify with particularity any economic damages that you claim to have suffered as a result of your alleged injuries in the Vasiliou complaint.

30.	Please describe the emotional distress that you claim to have suffered as a result of your alleged injuries in the Vasiliou complaint.

31.	Please identify any health care providers with whom you treated as a result of your alleged injuries in the Vasiliou complaint.

**REQUEST TO PRODUCE (INSTRUCTIONS)**

If the defendant refuses to answer and/or objects to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

Where exact information cannot be furnished, estimated information should be supplied

to the extent possible. Where estimation is used, the same should be so indicated, and an explanation given as to the basis upon which the estimate was made.

Each document produced must be labeled to indicate to which request for production it is responsive.

If a document responsive to any request has been lost, mutilated or destroyed, so state and identify such document, and state to which request(s) the document would have been responsive.

If there are no documents in the defendant's custody or control with respect to a particular request for production, so state.

If any document falling within the scope of any request for production is withheld under a claim of privilege, so state and identify such document, state to which request(s) it would have been responsive, and include information as to the date of the document, the name of the person or entity who drafted or authorized it, its title, the person or entity to whom it was addressed, sent or delivered, and state the ground(s) on which such document is considered to be privileged from production.

"Document" or "records" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, photographs, e-mail, tape recordings, motion pictures and any carbon or photographic copies of any such material if defendant does not have custody of the original. "Document" or "Record" also means any item electronically recorded

on a computer hard drive, disc, CD rom, or other mechanism for storing, saving, and/or processing information.

"Defendants" means the defendants, Milford Housing Authority, Anthony Vasiliou, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone.

"You" means the defendant Anthony Vasiliou.

**REQUESTS FOR PRODUCTION**

Please produce the following:

1. All documents, correspondence, memos of any nature relating in any way to the claims brought in the Vasiliou complaint.

2. A copy of your fee agreement with Metzger & Associates pertaining to the Vasiliou complaint.

3. All documents reflecting the communications/discussions, consultations identified in interrogatories # 14-15.

4. All documents reflecting in any way the communications identified in interrogatories # 16 -17.

5. Any documents, minutes, or notes reflecting the meetings identified in interrogatory # 18.

6.  Any documents, minutes, or notes relating in any way to your response to interrogatory # 19.

7.  Any documents, minutes, or notes relating in any way to your response to interrogatory # 20.

8.  Any and all time records, attendance records, vacation time records, sick time records, or billing records reflecting your attendance or compensation for your time spent traveling to and attending the depositions of Mary Margaret Mandel, Karen DeVito, Dion Smith, or Jack Hughes.

9.  All billing records or invoices from Robinson & Cole reflecting in any way on time spent discussing or analyzing your potential claims and counterclaims against Jack Hughes.

10. Please provide all documents in any way related to the economic damages that you have described in your response to interrogatory #29, including medical bills, tax returns, documents relating to employment or lost business opportunities, or any other expenses that you claim that you incurred as a result of the claims in the Vasiliou complaint.

11. Complete medical records and an authorization to obtain records from all medical providers that you treated with as a result of the injuries that you claim to have incurred as a result of your claims in the Vasiliou complaint.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF, JOHN HUGHES**


By:_____
Lewis H. Chimes
*Fed. Bar No.: ct07023*
GARRISON, LEVIN-EPSTEIN, CHIMES
    & RICHARDSON, P.C.
405 Orange Street
New Haven, CT  06511
Ph:  (203) 777-4425
Fax: (203) 776-3965
lchimes@garrisonlaw.com

## CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, postage prepaid, this <u>21st</u> day of April, 2004 to:

Michael Petrie, Esq.
Richard F. Vitarelli, Esquire
Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

_____
Lewis Chimes