UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN HUGHES, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV1917(SRU) |
| vs. | : | |
| MILFORD HOUSING AUTHORITY, ET AL, | : | |
| Defendants. | : | April 21, 2004 |

-----------------------------------------------------------------x

**PLAINTIFF'S THIRD SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED AT DEFENDANTS MILFORD HOUSING AUTHORITY,
RICHARD ANDERSON, HILARY HOLOWINK, JOHN AMENTH,
EDWARD CANELLI, AND JACK TUCCIARONE**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, et seq., the

plaintiff, John Hughes, hereby requests that the defendants, Milford Housing Authority, Richard

Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone within thirty

days hereof and produce legible copies of all requested documents in the defendant's possession,

custody or control for inspection and/or copying at the office of the undersigned counsel within

thirty (30) days of the date hereof.

**INTERROGATORIES (INSTRUCTIONS AND DEFINITIONS)**

In answering these interrogatories, furnish all information available to defendant

including information in the possession of its attorneys, its investigators and all persons acting

on its behalf.  If you cannot answer the interrogatories in full after exercising due diligence to

secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

If the defendant refuses to answer and/or objects to any interrogatory or production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory is being answered.

The interrogatories which follow are to be considered an continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within twenty (20) days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.      "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b.      When used in connection with any corporation, the word "personnel" means all employees, officers and directors of the corporation.

c.      "Document" or "records" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders,

memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, photographs, e-mail, tape recordings, motion pictures and any carbon or photographic copies of any such material if defendant does not have custody of the original.  "Document" or "Record" also means any item electronically recorded on a computer hard drive, disc, CD rom, or other mechanism for storing, saving, and/or processing  information.

   d.  "Identify" means, with respect to a nature person  (1) his or her name;  (2) his or her date of birth;  (3) his or her last known home address and telephone number;  (4) his or her job title;  (5) his or her business address and telephone number;  (6) the name and address of his or her employer; and  (7) his or her relationship, if any, to defendant.

   e.  "Identify" means, with respect to an agency, association or other entity  (1) the legal name under which such entity is established;  (2) the full business address and telephone number of such entity; and  (3) the officers of such entity.

   f.  "Identify" means, with respect to documents,  (1) the author thereof and the person or persons to whom the documents was originally directed;  (2) the source from whom defendant obtained such document or documents;  (3) the date of each such document or documents;  (4) the current custodian of each such document or documents;  (5) the location at which the document is situated; and  (6) the subject matter of each such document or documents.

   g.  "Defendants" means the defendants, Milford Housing Authority, Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone.

**<u>INTERROGATORIES</u>:**

1.         Please identify the person(s) answering these interrogatories.  If more than one person is answering the interrogatories, please identify each person by the corresponding interrogatory number.

2.         Please identify all persons, with whom defendants consulted, or who in any way assisted defendants in order to respond to these interrogatories, including, but not necessarily limited to, David Metzger, Ann Walker, Christopher Cody, or any attorney employed by Robinson & Cole, or David Metzger & Associates, and the date, time, and location of the communication/consultation.

3.         Were defendants aware that Mr. Hughes was interviewed by HUD investigators on February 19, 2004, prior to service of  the Anthony Vasilou's complaint against John Hughes on February 25, 2004.

4.         How and when did defendants first become aware that Mr. Hughes had been interviewed by HUD investigators on February 19, 2004?

5.         Please identify all communications between defendants and Anthony Vasiliou about any and all potential claims or counterclaims against John Hughes, and the dates and times and locations of those communications.

6.         Please state the substance of each communication identified in interrogatory #5.

7.         Please identify all persons with whom defendants communicated with in any way or consulted with about Anthony Vasiliou potentially bringing claims or counterclaims of any sort against John Hughes.

8.         As to each person, identified in interrogatory #7, please state the substance of the communication/consultation.

9.         Did the Mr. Vasiliou ever ask permission from the defendants to bring his claim against Mr. Hughes?

10.         Did the defendants ever authorize Mr. Vasiliou to bring a claim against Mr. Hughes?

11.         Was the issue of Mr. Vasiliou  bringing a potential claim or counterclaim ever discussed by or submitted to the Milford Housing Authority Board of Commissioners?  If so, please state the date, time and location of said discussion/submission, the substance of the discussion/submission, and the outcome.

12.         Did defendants  ever put Mr. Hughes or his counsel on notice that Mr. Vasiliou going to bring a claim or counterclaim against Mr. Hughes at any time prior to serving the <u>Vasiliou v. Hughes</u> complaint on him on February 25, 2004?  If so, please state how

defendants put Mr. Hughes on notice, who communicated Mr. Hughes' potential claim

or counterclaim, and the date that such communication was made.

13.        Were defendants aware that Attorney Walker offered to settle Mr. Vasiliou's

potential claims/counterclaims against Mr. Hughes in exchange for Mr. Hughes'

withdrawal of his claims or settlement of those claims for a nominal amount?

14.        Did defendants ever authorize Attorney Walker to settle Mr. Vasiliou's potential

claims/counterclaims against Mr. Hughes in exchange for withdrawal of Mr. Hughes'

claims or settlement of those claims for a nominal amount?

15.        Please specify the relevance of the following third party deponents to the <u>Hughes

v. Milford Housing Authority</u> case:

a.      Mary Margaret Mandel

b.      Karen DeVito

c.      Dion Smith

16.        Are defendants subsidizing or in any way paying any portion of the costs or fees

incurred in Mr. Vasiliou's claim against Mr. Hughes, <u>Vasiliou v. Hughes</u>.

17.        Are defendants indemnifying Mr. Vasiliou for his attorney's fees, costs, and any

damages assessed against him under Counts Seven and Eight of plaintiff's Second

Amended Complaint?

## REQUEST TO PRODUCE (INSTRUCTIONS)

If the defendant refuses to answer and/or objects to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

Where exact information cannot be furnished, estimated information should be supplied to the extent possible.  Where estimation is used, the same should be so indicated, and an explanation given as to the basis upon which the estimate was made.

Each document produced must be labeled to indicate to which request for production it is responsive.

If a document responsive to any request has been lost, mutilated or destroyed, so state and identify such document, and state to which request(s) the document would have been responsive.

If there are no documents in the defendant's custody or control with respect to a particular request for production, so state.

If any document falling within the scope of any request for production is withheld under a claim of privilege, so state and identify such document, state to which request(s) it would have been responsive, and include information as to the date of the document, the name of the person or entity who drafted or authorized it, its title, the person or entity to whom it was addressed, sent or delivered, and state the ground(s) on which such document is considered to be privileged from production.

"Document" or "records" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts,

7

logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes,

forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications,

instructions, statements, jottings, announcements, photographs, e-mail, tape recordings, motion

pictures and any carbon or photographic copies of any such material if defendant does not have

custody of the original.  "Document" or "Record" also means any item electronically recorded

on a computer hard drive, disc, CD rom, or other mechanism for storing, saving, and/or

processing  information.

   "Defendants" means the defendants, Milford Housing Authority, Anthony Vasiliou,

Richard Anderson, Hilary Holowink, John Amenth, Edward Canelli, and Jack Tucciarone.

   "You" means the defendant Anthony Vasiliou.

## REQUESTS FOR PRODUCTION

   Please produce the following:

   1.  All documents, correspondence, memos of any nature relating in any way to the

claims brought in the  Vasiliou complaint.


   2.  A copy of Mr. Vasiliou's employment agreement with the Milford Housing

Authority.


   3.  All documents reflecting the communications/discussions, consultations

identified in interrogatories # 5-6.


   4.  All documents reflecting in any way the communications identified in

interrogatories # 7-8.

5.      Any documents, minutes, or notes reflecting the meetings identified in interrogatory # 11.

6.      Any documents, minutes, or notes relating in any way to your response to interrogatory # 12.

8.      Any and all time records, attendance records, expense vouchers, vacation time records, sick time records, or billing records reflecting Mr. Vasiliou's attendance or compensation for  time spent traveling to and attending the depositions of Mary Margaret Mandel, Karen DeVito, Dion Smith, or Jack Hughes.

9.      All billing records or invoices from Robinson & Cole reflecting in any way on time spent discussing or analyzing potential claims and counterclaims against Jack Hughes.

10.     All documents, invoices, statements, cancelled checks, of any type, without limitation, reflecting  reimbursement provided to Karen DeVito for travel expenses from Virginia to Hartford, Connecticut for her deposition in the above-entitled matter.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF, JOHN HUGHES**


**By:**_____

Lewis H. Chimes
*Fed. Bar No.:  ct07023*
GARRISON, LEVIN-EPSTEIN, CHIMES
    & RICHARDSON, P.C.
405 Orange Street
New Haven, CT  06511
Ph:  (203) 777-4425
Fax: (203) 776-3965
lchimes@garrisonlaw.com


## <u>CERTIFICATION</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, postage prepaid, this <u>21st</u> day of April, 2004 to:

Michael Petrie, Esq.
Richard F. Vitarelli, Esquire
Ann Noble Walker, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597


_____

Lewis Chimes