UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES,<br>    Plaintiff, | CIVIL NO. 302CV1917 (MRK) |
| V. | |
| MILFORD HOUSING AUTHORITY, ANTHONY VASILIOU, RICHARD ANDERSEN, HILARY HOLOWINK, JOHN AMENTA, EDWARD CANELLI AND JACK TUCCIARONE,<br>    Defendants. | MAY 6, 2004 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S PARTIAL MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 14, 2004 RULING DENYING PLAINTIFF ADDITIONAL LIMITED DISCOVERY

The Defendants respectfully object to the Plaintiff's Partial Motion for Reconsideration of the Court's April 14, 2004 Ruling. Plaintiff seeks additional discovery. As an initial matter, the Plaintiff's Motion is untimely.[1] More importantly however, the Court's April 14th Ruling recognized the prejudice to the Defendants resulting from such late amendment of the Complaint. To deviate from that Ruling would create <u>undue</u> prejudice for the Defendants, already burdened by excessive motion practice arising from the late amendment. Notably, the Plaintiff has failed to provide any credible reason why the Court should reverse its prior decision. Accordingly, the Defendants respectfully request that the Court deny the Plaintiff's Motion for Reconsideration.

---

[1] Pursuant to Local Rule 7(c), a motion for reconsideration "shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought." L. Civ. R. 7(c). The Court's Ruling was filed April 14, 2004. The Plaintiff's Motion, dated April 29, 2004, was not filed within the time allotted, and is therefore untimely. For this reason also, the Court should deny the Plaintiff's Motion for Reconsideration.

HART1-1176414-1

In its April 14, 2004 Ruling, the Court properly restricted discovery to the "Defendants alone." Balancing the interests of the parties, the Court sought to "minimize the prejudice to Defendants" and "re-open[ed] the discovery period for a limited period of time [until May 14, 2004] for the sole purpose of allowing Defendants (<u>and Defendants alone</u>) to conduct discovery regarding Mr. Hughes' newly asserted retaliation claims." (Emphasis added). The Court's April 14 Ruling clearly was crafted in such a way to allow the Plaintiff's claims to proceed without unduly prejudicing the Defendants. Granting the Plaintiff's request for additional discovery would upset the balance of interests and justice struck by the Court, and therefore the Motion should be denied.

The Plaintiff has provided no justification for the Court to reverse itself. Indeed, the only rationale provided by the Plaintiff is that he has already mistakenly served his discovery in violation of the Court's Ruling. As the Plaintiff puts it, because his discovery cat is already out of the bag, the Court should allow him to proceed. The Plaintiff essentially asks that the Court reward him for his mistake by permitting him to proceed with discovery despite the Court's clear order restricting him from doing so. This is not a compelling, much less a satisfactory reason for the Court to deviate from its prior Ruling. Allowing the Plaintiff to proceed with discovery after the Court <u>explicitly</u> denied him permission to do so, simply because the Plaintiff accidentally violated the Court's Ruling, would impose the very prejudice against the Defendants that the Court sought to avoid. Accordingly, the Defendants request that the Plaintiff's Motion to Reconsider be denied.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Plaintiff's Motion for Reconsideration be denied.

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY VASILIOU, RICHARD ANDERSEN, HILARY HOLOWINK, JOHN AMENTA, EDWARD CANELLI, JACK TUCCIARONE

By: _____
Richard F. Vitarelli (ct 15145)
Anne Noble Walker (ct 11637)
Michael G. Petrie (ct 22789)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, certified mail, return receipt requested, on this 6th day of May, 2004 to:

>Lewis H. Chimes, Esq.
>Garrison, Levin-Epstein, Chimes
>  & Richardson, P.C.
>405 Orange Street
>New Haven, CT 06511

Michael G. Petrie