UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES,<br>    Plaintiff, | CIVIL NO. 302CV1917 (MRK) |
| V. | |
| MILFORD HOUSING AUTHORITY,<br>ANTHONY VASILIOU, RICHARD<br>ANDERSEN, HILARY HOLOWINK, JOHN<br>AMENTA, EDWARD CANELLI AND JACK<br>TUCCIARONE,<br>    Defendants. | MAY 12, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

    The Defendants, Milford Housing Authority (MHA), Anthony Vasiliou, Richard Andersen, Hilary Holowink, John Amenta, Edward Canelli and Jack Tucciarone hereby answer the plaintiff's amended complaint as follows:

    1.    Defendants lack sufficient knowledge or information to either admit or deny the allegations of paragraph 1 and therefore leave plaintiff to his proof.

    2.    Defendants admit the allegations in paragraph 2.

    3.    Defendants admit the allegations in paragraph 3.

    4.    Defendants admit the allegations in paragraph 4.

    5.    Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 5 and therefore leave the plaintiff to his proof.

    6.    Defendants admit the allegations of the first and second sentence of paragraph 6. Defendants deny the third sentence of paragraph 6.

HART1-1178868-1

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny that the allegations alleged of MHA in the lawsuits consolidated under Docket No. 396 CV 0118 (AHN) constituted violations of the Fair Housing Act, 42 USC § 3601 et seq. Defendants admit the remaining allegations of paragraph 9.

10. Defendants admit the allegations of the first sentence of paragraph 10. Defendants deny the allegations of the second sentence of paragraph 10 to the extent the allegations deviate from the express language of the settlement agreement.

11. Defendants deny the allegations of paragraph 11 to the extent the allegations deviate from the express language of this settlement agreement.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit the allegations of paragraph 13.

14. To the extent the allegations of paragraph 14 call for legal conclusions involving the interpretation of the Fair Housing Act and the settlement agreement, defendants lack sufficient knowledge or information either to admit or deny the allegations and therefore leave plaintiff to his proof.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 17 and therefore leave plaintiff to his proof.

18. Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 18 and therefore leave the plaintiff to his proof.

19. Defendants admit that Mr. Vasiliou overheard a conversation by Mr. Hughes similar to that alleged in paragraph 19 but deny that Mr. Vasiliou chastised Mr. Hughes.

20. Defendants admit only that Mr. Hughes was discharged on March 8, 2002. Defendants lack sufficient knowledge or information either to admit or deny the remaining allegations of paragraph 20 and therefore leave the plaintiff to his proof.

**COUNT ONE (Hughes as to Milford Housing Authority, Vasiliou, Commissioners-Fair Housing Act Violation – 42 USC 3617)**

21. The answers to paragraphs 1 through 20 are hereby incorporated by reference herein as answers to paragraphs 1 through 20 of the First Count.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 24 and thereby leave plaintiff to his proof.

25. Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 25 and thereby leave plaintiff to his proof.

**SECOND COUNT (Hughes as to MHA -- Wrongful Discharge and Violation of Public Policy)**

26. The answers to paragraphs 1 through 25 of the First Count are hereby incorporated by reference as answers to paragraphs 1 through 25 of the Second Count.

27.    Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 27 and therefore leave plaintiff to his proof.

28.    Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 28 and therefore leave plaintiff to his proof.

29.    Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 29 and therefore leave plaintiff to his proof.

30.    Defendants deny the allegations of paragraph 30.

**COUNT THREE (Hughes as to MHA Retaliation for Exercise of First Amendment Rights Connecticut General Statutes §31-51q)**

31.    The answers to paragraphs 1 through 30 of the Second Count are hereby incorporated by reference as answers to paragraphs 1 through 30 of the Third Count.

32.    Defendants deny the allegations of paragraph 32.

**COUNT FOUR (Hughes as to Vasiliou and the Commissioners 42 USC § 1983 – First Amendment)**

33.    The answers to paragraph 1 through 32 of the Third Count are hereby incorporated by reference as the answers to paragraph 1 through 32 of the Fourth Count.

34.    Defendants lack sufficient knowledge or information either to admit or deny the allegations of paragraph 34 and therefore leave the plaintiff to his proof.

35.    Defendants deny the allegations of paragraph 35.

**COUNT FIVE (Breach of Contract)**

36.    The answers to paragraphs 1 through 35 of the Fourth Count are hereby reincorporated by reference as the answers to paragraphs 1 through 35 of the Fourth Count.

37. Defendants admit the allegations of paragraph 37.

38. Defendants admit the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants lack knowledge or information either to admit or deny the allegations of paragraph 41 and therefore leave the plaintiff to his proof.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants admit the allegations of paragraph 44.

45. Defendants lack knowledge or information either to admit or deny the allegations of paragraph 45 and therefore leave the plaintiff to his proof.

46. Defendants lack knowledge or information either to admit or deny the allegations of paragraph 46 and therefore leave the plaintiff to his proof.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

**COUNT SIX (Breach of a Covenant of Good Faith and Fair Dealing)**

50. The answers to paragraphs 1 through 49 of the Fifth Count are hereby incorporated by reference as the answers to paragraphs 1 through 49 of the Sixth Count.

51. Defendants deny the allegations of paragraph 51.

**COUNT SEVEN (Hughes as to MHA, Commissioners, Vasiliou – Retaliatory Violation of Fairh Housing Act by Filing Defamation Complaint)**

52. The answers to paragraphs 1 through 20 are hereby incorporated by reference as the answers to paragraphs 1 through 20 of the Seventh Count.

53. Defendants admit only that Mr. Hughes was discharged on March 8, 2002. Defendants lack sufficient knowledge or information either to admit or deny the remaining allegations in paragraph 53 and therefore leave the plaintiff to his proof.

54. Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 54 and therefore leave the plaintiff to his proof.

55. Defendants admit the allegations in paragraph 55

56. Defendants deny the allegations in paragraph 56.

57. Defendants admit that two articles purporting to be written by Frank Juliano and published by the Connecticut Post are attached to Plaintiff's Second Amended Complaint. Defendants lack sufficient knowledge or information either to admit or deny the remaining allegations in paragraph 57 and therefore leave the plaintiff to his proof.

58. Defendants deny the allegations in paragraph 58.

59. Defendants admit that in 2003, the U.S. Department of Housing and Urban Development ("HUD"), Office of Inspector General conducted an audit, but deny the remaining allegations in paragraph 59.

60. Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 60 and therefore leave the plaintiff to his proof.

61.  Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 61 and therefore leave the plaintiff to his proof.

62.  Defendant Vasiliou admits that Hughes was served on or about February 25, 2004 with a lawsuit brought by Anthony Vasiliou, and that a document purporting to be a copy of Mr. Vasiliou's Complaint in that matter is attached to Plaintiff's Second Amended Complaint. Defendant Vasiliou denies the remaining allegations in paragraph 62. The remaining Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 62 and therefore leave the plaintiff to his proof.

63.  Defendants deny the allegations in paragraph 63.

64.  Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 64 and therefore leave the plaintiff to his proof.

65.  Defendants deny the allegations in paragraph 65.

66.  Defendants deny the allegations in paragraph 66.

67.  Defendants deny the allegations in paragraph 67.

68.  Defendants deny the allegations in paragraph 68.

69.  Defendants deny the allegations in paragraph 69.

70.  Defendants deny the allegations in paragraph 70.

71.  Defendants deny the allegations in paragraph 71.

72.  Defendants deny the allegations in paragraph 72.

**COUNT EIGHT (Hughes as to MHA, Commissioners, Vasiliou – Retaliatory Violation of Fairh Housing Act by Filing Defamation Complaint)**

73.     The answers to paragraphs 1 through 20, and paragraphs 53 through 72 of the Seventh Count are hereby incorporated by reference as the answers to paragraphs 1 through 20, and paragraphs 53 through 72 of the Eighth Count.

74.     Defendants lack sufficient knowledge or information either to admit or deny the allegations in paragraph 74 and therefore leave the plaintiff to his proof.

75.     Defendants deny the allegations in paragraph 75.

**DEFENDANTS' FIRST AFFIRMATIVE DEFENSE**

Defendants Anthony Vasiliou, Richard Andersen, Hilary Holowink, John Amenta, Edward Canelli and Jack Tucciarone are entitled to the protections and privileges of qualified immunity.

**DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

Count Two is precluded as a matter of law by the existence of an available statutory remedy.

**DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his failure to mitigate any damages he allegedly sustained.

**DEFNEDNANTS' FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust his administrative remedies.

DEFENDANTS,
MILFORD HOUSING AUTHORITY, ANTHONY
VASILIOU, RICHARD ANDERSEN, HILARY
HOLOWINK, JOHN AMENTA, EDWARD
CANELLI, JACK TUCCIARONE

By: /s/
Richard F. Vitarelli (ct 15145)
Anne Noble Walker (ct 11637)
Michael G. Petrie (ct 22789)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: awalker@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, on this 12th day of May, 2004 to:

> Lewis H. Chimes, Esq.
> Garrison, Levin-Epstein, Chimes & Richardson, P.C.
> 405 Orange Street
> New Haven, CT 06511

_____
Michael G. Petrie