UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HUGHES,<br>　　　Plaintiff, | CIVIL NO. 302CV1917 (MRK) |
| v. | |
| MILFORD HOUSING AUTHORITY,<br>ANTHONY VASILIOU, RICHARD<br>ANDERSEN, HILARY HOLOWINK, JOHN<br>AMENTA, EDWARD CANELLI AND JACK<br>TUCCIARONE,<br>　　　Defendants. | JUNE 9, 2004 |

### AFFIDAVIT OF ANTHONY J. VASILIOU

I, Anthony J. Vasiliou, having been duly sworn, do depose and say as follows:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. This affidavit is based on my personal knowledge and provided in support of the Defendants' Motion for Summary Judgment in the above captioned matter.

3. At all times relevant to the claims and allegations contained in the Second Amended Complaint in this matter, I have been employed as Executive Director for the Housing Authority for the Town of Milford ("MHA").

4. My primary duties include overseeing and managing MHA's day-to-day operations.

5. My duties also include managing and ensuring MHA's compliance with the terms of a Settlement Agreement with the U. S. Department of Justice ("DOJ") and several individual plaintiffs.

HART1-1183176-1

6. On or about January 15, 2002, MHA's Board of Commissioners voted on and approved a five-year plan and budget for the fiscal year beginning April 1, 2002. The budget and the five-year plan reflected a reorganization of MHA's maintenance department, which included the elimination of the Director of Facilities Maintenance and Operations position. At that time, John Hughes, Plaintiff in this matter, was the incumbent in that position.

7. I informed Hughes of this decision on or about March 8, 2002. I chose this date because MHA intended to, and did, provide Hughes with three weeks of severance pay, and March 8th was approximately three weeks prior to the end of MHA's fiscal year, which closed on March 31, 2002.

8. In approximately May 2003, the U.S. Department of Housing and Urban Development ("HUD") notified MHA that it was conducting a routine procurement and capital fund audit.

9. Although I was aware that HUD was conducting an audit, I was not aware that Hughes met with or spoke to HUD personnel on or about February 19, 2004. I learned of that meeting only after receiving the Second Amended Complaint, on or about March 24, 2004, in which Hughes alleged that he attended a meeting with HUD on or about February 19, 2004.

10. Attorney David Metzger represents me in connection with my lawsuit against Hughes. Attorney Metzger prepared a Complaint and commenced a lawsuit against Hughes in Connecticut Superior Court. I initiated this process with Attorney Metzger in late December 2003.

11. My lawsuit against Hughes is solely maintained in my personal capacity and on my own behalf. No remedy is sought on behalf of MHA or the Commissioners. The lawsuit is not financed by MHA or the Commissioners.

12. A true and accurate copy of MHA's Five-Year Plan for fiscal years 2000 through 2004 is attached at Exhibit 2.

13. A true and accurate copy of the Settlement Agreement executed by MHA in October 1998, resolving a consolidated lawsuit brought by the DOJ and several individual plaintiffs, is attached at Exhibit 5.

14. A true and accurate copy of a letter, dated May 12, 2003, from HUD to MHA is attached at Exhibit 19.

I, Anthony Vasiliou, hereby certify that the foregoing facts are true and accurate to the best of my knowledge, information and belief.

_____
Anthony J. Vasiliou

Subscribed and sworn to before me
on this 10th day of June, 2004

_____
~~Notary Public~~ Commissioner of Superior Court
~~My Commission Expires:~~

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, certified mail, return receipt requested, on this __14__ th day of June, 2004 to:

Lewis H. Chimes, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

_____
Michael G. Petrie

4